## Gosney et al. v. Commonwealth.

January 18, 1949.

188

Davies & Hirschfield for appellants.

A. E. Funk, Attorney General, and Zeb A. Stewart, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Overruling motion for appeal.

Under a charge of assault and battery Elmer Gosney and Elbert King were found guilty. The jury fixed Gosney's punishment at one year in jail and that of King at two years in jail and a fine of $500. The record contains both a motion for an appeal and a statement of appeal. The statement of appeal recites that the judgment from which the appeal is being prosecuted is on page sixteen of the record. On page sixteen the following order appears: "This cause having been submitted on defendants' motion and grounds for a new trial herein, after due consideration, the court overrules said motion and grounds for a new trial, to which the defendants, Elmer Gosney and Elbert King, except and pray an appeal to the Court of Appeals, which is granted." If a final judgment was entered on the verdict, it was not incorporated in the record, so this Court is without jurisdiction to entertain the motion for an appeal.

It is provided in section 347 of the Criminal Code of Practice that a defendant in a misdemeanor action has the right to have a judgment against him reviewed by this Court where his fine is as much as $50 or his imprisonment exceeds 30 days. Section 335 of the Criminal Code of Practice provides that an appeal in a felony case shall be taken only on a final judgment except on behalf of the Commonwealth. In commenting upon that section it was said in the case of Shepherd v. Commonwealth, 284 Ky. 30, 143 S. W. 2d 725, that an appeal in a criminal case may be taken only from a final judgment except on behalf of the Commonwealth. That rule is likewise applicable to misdemeanor cases.

Wherefore, the motion for an appeal is overruled.