may be established by circumstances. Blusinsky v. Com., 284 Ky. 395, 144 S.W. 2d 1038. Among circumstances which might be considered by the jury, as pointed out by the Attorney General, are the transfer of the works from the original watch case to another case before the trade to Salisbury, and the fact that appellant knew before the search warrant was executed that Mullins was endeavoring to locate the missing articles, without information on his, appellant's part, that he had them. Aside from this there was proof that appellant's reputation was bad, and that the stepson had been theretofore convicted of larceny.

We are of the opinion that the court properly submitted the case to the jury, and that the proof justified the jury's verdict.

Judgment affirmed.

Caswell P. Lane, Mt. Sterling, for appellant.

J. D. Buckman, Jr., Atty. Gen., and Squire N. Williams, Jr., Asst. Atty. Gen., for appellee.

MORRIS, Commissioner.

Tried under an indictment charging the offense of shooting and wounding with intent to kill, Chambers was found guilty, the jury fixing the penalty at ten years' imprisonment. The record fails to disclose that the court rendered judgment on the verdict. Appeal was granted from an order overruling motion for a new trial. That is not a final order from which an appeal may be taken. Gosney v. Commonwealth, 309 Ky. 187, 217 S.W.2d 225.

Since no proper appeal has been perfected, the purported appeal is dismissed on the authority of Shepherd v. Commonwealth, 284 Ky. 30, 143 S.W.2d 725, and Manning v. Commonwealth, 309 Ky. 193, 217 S.W.2d 226.

### CHAMBERS v. COMMONWEALTH.

Court of Appeals of Kentucky.

March 13, 1953.

### THOMPSON v. HARLAN WALLINS COAL CORP. et al.

Court of Appeals of Kentucky.

March 13, 1953.