# Hubbard v. Hubbard.

November 26, 1946.

J. Milton Luker for appellant.

William A. Hamm for appellee.

Opinion of the Court by Judge Dawson—Dismissing appeal.

This appeal was granted from an order overruling the appellant's plea to the jurisdiction of the circuit court.

While the action was pending, and before the issues were made, the appellant, defendant below, interposed a plea to the jurisdiction of the Laurel Circuit Court denying that she was a citizen or resident of Laurel County at the time the petition was filed, and alleging affirmatively that she was and is a citizen and resident of Rockcastle County.

The court heard evidence solely on this question, and after considering the same entered an order sustaining its jurisdiction. Apparently other steps in the action await decision of this court on the jurisdictional question.

We have examined the evidence on which the court rendered its decision and have no hesitation in saying that if we had jurisdiction on this appeal we would affirm the decision. However, at the outset, we are confronted with the question of whether or not the order entered below is a final order from which an appeal lies. This question is not raised by the record, nor is it referred to in the briefs, but jurisdiction may not be waived, and it can not be conferred by consent of the parties. This court must determine for itself whether it has jurisdiction.

Section 368 of the Civil Code of Practice provides that a judgment is a final determination of a right of a party to an action or proceeding, and it is settled that, in the absence of a judgment against parties, questions presented to this court by briefs are not properly before the court. Blackberry, Kentucky & West Virginia Coal & Coke Co. v. Kentland Coal & Coke Co., 225 Ky. 346, 8 S. W. 2d 425.

This court has no jurisdiction to review orders and judgments unless they are final. Denham v. Town of Wallins, 234 Ky. 626, 28 S. W. 2d 965; Happy Coal Co. v. Brashear, 263 Ky. 257, 92 S. W. 2d 23; Wolfe County Liquor Dispensary Ass'n v. Ingram, 272 Ky. 38, 113 S. W. 2d 839.

In 2 Am. Jur., Appeal and Error, Sec. 23, an interlocutory judgment or decree is defined as "one which does not dispose of the cause, but reserves further questions or directions for future determination. It is ordinarily one made pending the cause and before a final hearing on the merits."

It has been said that if an order entered in a cause does not put an end to the action, but leaves something further to be done before the rights of the parties are determined, it is interlocutory and not final. Boxwell v. Greeley Union Nat. Bank, 89 Colo. 574, 5 P. 2d 868, 80 A. L. R. 1179.

In Thomas v. Newell, 277 Ky. 712, 127 S. W. 2d 610, we held that this court had jurisdiction in an original action filed in this court seeking a writ of prohibition against a judge of the circuit court on the ground that the circuit court had no jurisdiction, since the petitioner was a resident of a county other than the one in which a divorce proceeding was filed. In Stafford et al. v. Bail-

ey, 301 Ky 155, 191 S. W. 2d 218, and in the cases cited therein, it is clearly made to appear that this court will not assume jurisdiction of an original proceeding for a writ of prohibition under Section 479 of the Civil Code of Practice unless there is no adequate remedy by appeal, or otherwise, and irreparable injury will result. In assuming jurisdiction in Thomas v. Newell, supra, we stated that we did not agree with an argument to the effect that the petitioner had an adequate remedy by appeal, and on authority of this case the appeal must be dismissed, even though the appellee has not moved for a dismissal. Vaught v. Vaught, 296 Ky. 754, 178 S. W. 2d 590.

The appeal is dismissed.