## Triplett v. Triplett.

November 16, 1948.

Bailey P. Wootton for appellant.

Napier & Napier for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER
—Reversing in part, affirming in part.

Appellant and appellee were married on the 4th day of May, 1934. Two children were born to the union, one of whom now is eight years of age, the other four. Both are girls. The parties lived together until the 8th day of January, 1946, and on the day following appellee brought this suit for divorce, alimony, and maintenance for the children. Appellant by answer denied the allegations of the petition and prayed that it be dismissed. By amended answer he asked the Court to restore to him certain property allegedly acquired by him during the marriage, and which, in consideration of marriage, he caused to be deeded jointly to him and his wife. He further asked that he be adjudged to be sole owner of certain household furniture and a 1938 Chevrolet automobile, all of which personal property he alleged was acquired and paid for by him during his marriage to appellee. The Chancellor granted appellee a divorce; adjudged her to be owner of one-half of the real estate and personal property; awarded her alimony in the lump sum of $3,000; and awarded her custody, and directed appellant to pay her the sum of $150 per month for maintenance, of the children. He further directed that appellee be permitted to use, occupy, and control one of the jointly owned pieces of real estate, and that appellant be permitted to use, occupy, and control the other. both of which are situate in the city of Hazard. Each party was directed to pay the taxes and upkeep of that portion of real estate occupied by him or her, and to be entitled to the rents and profits from such portion so long as he or she paid the taxes and upkeep on it.

Appellant has appealed from that part of the judgment declaring appellee to be the owner of one half interest in the real and personal property, and complains of the amount of alimony and maintenance awarded against him. Appellee has cross appealed, complaining of the Court's failure to restore to her all the property acquired by the parties during their marriage, and of the inadequacy of the amount awarded her for alimony and support of the children. She further complains of the Court's failure to fix a definite fee for her attorneys of record.

At the time of their marriage appellant was the owner of a 1930 model automobile which after marriage he traded in part payment of the automobile which he now owns. Neither of the parties owned any other property at the time of their marriage. Appellee testified that appellant, who is a barber, earns approximately $300 per month. Appellant fixed his earnings at approximately $200 per month. Appellee, with the exception of about two years, worked as a school teacher and in various clerical positions earning approximately $1,000 per year. Appellant's testimony, in respect to his earnings, is corroborated by a certificate from the Internal Revenue Department showing an adjustment of taxable income for the year 1942 on a joint return filed by him and his wife. The taxable net income for that year, before deductions for personal exemptions and credit for dependents, amounted to $2,519.18 for income tax purposes, and $2,845.10 for victory tax purposes. The total income tax plus victory tax amounted to $147.08. Both of the parties testified that they bought the real estate and household furnishings without contribution from the other, but cancelled checks introduced in evidence lead us to the conclusion that each paid about one half of the purchase price of all the property except the automob'le. Appellant owns unimproved real estate in Knott County which he acquired from his father and which appellee appraised at $3,000. She makes no claim to this property. Appellant testified that the property is not worth that much money.

The oldest child is afflicted with tuberculosis, and it is common knowledge that persons afflicted with this disease require a special, nutritious, and expensive diet, but we are of the opinion that $150 per month to support

the two children is grossly excessive even though one of the children is a tubercular patient; and to require a person earning but $200 per month to pay this amount in support of his children, in addition to an alimony award of $3,000, is so unreasonable as to be oppressive. The parties owe over $700 on the piece of real estate now occupied by appellant; and the rent he receives from the portion which he rents will barely pay the taxes, cost of upkeep, and retire his portion of the debt. In order to make the lump sum payment of alimony he will be required to sell all of his property in Knott County and very likely his equity in the property jointly owned by him and his wife, thus he would be left with approximately $50 per month for his own maintenance. We are of the opinion that the award of alimony should be reduced to $1,500 with the privilege of paying this amount in installments of $250 every six months, and that the award for maintenance and custody of the children should be reduced to $75 subject to modification on a showing of change of conditions, particularly the condition of health of the older child. In the event that either of the children shall incur extraordinary expenses by reason of illness, such extraordinary expenses, if reasonable, shall be paid by appellant. The Chancellor should have adjudged each of the parties to be responsible for the payment of one half of the unpaid purchase price of the real estate situated on Broadway in the city of Hazard, and if either pays more than his or her portion of that debt the one paying shall have a lien on the one half undivided interest of the other for the amount so paid.

To the extent indicated the judgment is reversed with directions that it be set aside and another be entered to conform to the views hereinbefore expressed.

The Chancellor allowed appellee "a reasonable attorney fee for her attorney to be fixed, if not by agreement, then by order of the Court." This part of the judgment is not a final order, therefore, is not appealable. Hubbard v. Hubbard, 303 Ky. 411, 197 S. W. 2d 923.

Reversed on the appeal, affirmed on the cross appeal.