## DEACON, v. DEACON.

Court of Appeals of Kentucky.
Oct. 12, 1951.

A. E. Funk, Jr., Middlesboro, for appellant.

Sampson Knuckles, Barbourville, for appellee.

CLAY, Commissioner.

In this action appellee was granted a divorce from appellant, her husband; was granted custody and control of two young children; and was awarded $150 a month for maintenance and support of the children. The only question on this appeal is the reasonableness of this award in view of appellant's income.

The proof does not show appellant owns any property. According to his testimony and that of his employer, he earns $200 a month as the manager of a tourist court.

Prior to 1950 appellant leased this court and operated it himself. It is the wife's contention that he made substantially more than $200 a month under his lease, and she suggests that he gave up the business for the purpose of thwarting her claim for alimony and maintenance. She attempts to estimate how much money he should be making at the present time.

The difficulty with the wife's position is that she failed to furnish any proof that the husband had an income in excess of $200 a month at the time the judgment was entered. If she could prove he has a more substantial income, the allowance of $150 might well be reasonable.

In cases of this character an important element of consideration is the husband's ability to pay. See Triplett v. Triplett, 308 Ky. 516, 215 S.W.2d 116. While a wife and children may actually need the entire income of the divorced husband for their maintenance and support, he himself has to live in order to produce anything. From a practical standpoint the wife's source of maintenance might be completely cut off by an oppressive monthly obligation imposed on her former husband.

Under the circumstances shown we believe the allowance should be reduced to $100 a month until such time as the wife is in a position to prove the husband can pay more from a larger income.

The judgment is reversed for consistent proceedings.