John L. ROBINSON, Appellant,

v.

Elizabeth M. ROBINSON, Appellee.

Court of Appeals of Kentucky.

Dec. 17, 1971.

John D. Darnell, Frankfort, for appellant.

Fred F. Bradley, Frankfort, for appellee.

STEINFELD, Judge.

After twenty-one years of marriage, Elizabeth M. Robinson sued John L. Robinson for an absolute divorce, alimony, property, custody of their seven-year-old son and support for him. Their other offspring is a married daughter.

The trial court granted the sought-for divorce, awarded custody of the son to his mother, and directed the father to pay $150 per month for his support. It ordered that some property be restored and other allocated to the wife as follows:

a. All stocks, bonds and savings of a value of approximately $7900 to be restored;

b. A 1970 Mercury automobile, but subject to the $3875 mortgage debt, as an award of her own property;

c. One-half interest in the $30,000–$40,000 jointly owned residence, with the right of exclusive occupancy until the son reaches twenty-one years of age or is married, at which time the house is to be sold and the net proceeds divided equally;

d. Household furnishings in the residence as part of lump sum alimony.

The parties owned a boat which Mrs. Robinson valued at $1800 to $2000, and there were some uncollected accounts receivable of doubtful value remaining from Mr. Robinson's business venture. Mrs. Robinson stated that the last time she saw a financial statement it showed these accounts to be $12,000 or $15,000. Mr. Rob-

inson testified there were $3000 to $4000 accounts receivable remaining, but that they were uncollectible. The decree is silent as to these items, but the parties have treated them as if they had been awarded to the husband. As alimony he was ordered to pay the $14,000 mortgage indebtedness on the residence, payable at $116.96 per month, the annual taxes of $261.92 and the insurance premium of $56.00 thereon. He owes and was ordered to pay ". . . the indebtedness which he has incurred as the result of business transactions, including an indebtedness to the State National Bank, Frankfort, Kentucky, and to the Small Business Administration." Mrs. Robinson said these debts amounted to approximately $4500, but Mr. Robinson's testimony was unclear on this subject. She testified that the purchaser of the business had assumed a large part of the business indebtedness.

On this appeal Mr. Robinson claims that the findings of fact, made pursuant to CR 52.01, do not support an award to the wife in excess of the property allowed her, and the amount of alimony and child support are, in any event, excessive. We affirm in part and reverse in part.

Appellant had been a photogrammic engineer and earned in excess of $1000 per month until January 1970, when he lost his job and went to work for his father in a drug store for $100 per week gross, or a net monthly income of $326.19. Mrs. Robinson is a state employee earning a gross salary of $556 per month. It is admitted that Mrs. Robinson has made a substantial contribution to the acquisition of the property they possess. Mr. Robinson contends that he no longer is able to perform the duties of a photogrammic engineer because of severe bursitis which makes it necessary for him to take eight pain-killing pills each day. No medical testimony supported this claim; however, it was not denied by the wife. She testified that the bursitis would not interfere with the activities of a photogrammic engineer. Mr. Robinson has had an excessive drinking problem, but he testi-fied that he has overcome this weakness. He resides with his parents who charge him nothing for his room or board. From time to time they supply him with some spending money.

The initial argument is that no alimony should have been awarded to Mrs. Robinson, but it is not claimed that the property allocated to her is improper. In Colley v. Colley, Ky., 460 S.W.2d 821 (1970), we said that the question of alimony is to be considered after there has been a determination as to the issues of restoration and division of property acquired by the joint efforts of the parties.

Citing Standard Farm Stores v. Dixon, Ky., 339 S.W.2d 440 (1960), appellant argues that so much of the judgment as awards alimony should be vacated because the Chancellor failed to comply with CR 52.01. The findings of fact stated that the husband's behavior justified decreeing the wife was entitled to the divorce and that his conduct was ". . . without like cause or any fault on her part." The testimony supported these conclusions. It also found what the wife and child needed. CR 52.01 does not require further elaboration to adjudge the wife entitled to alimony.

Without considering the residence, the property awarded to Mrs. Robinson consisted of intangibles of a value of approximately $7900 and an encumbered automobile having little, if any, equity. The Chancellor found that Mrs. Robinson was either the sole owner or joint owner of the intangibles. Even if the intangibles could be invested with reasonable safety to earn 7% interest, an income in excess of $46 per month would not be generated. It is therefore apparent that this income, together with the wife's earnings, would not sustain her in the manner in which she has been living. Although Mr. Robinson was directed to pay the business debts, there was no indication as to whether Mrs. Robinson was obligated on any of them except a note to the Small Business Administration,

which she had signed jointly with Mr. Robinson, the balance of which is $4500.

It is clear to us that the Chancellor was confronted with a problem which could not be satisfactorily solved. We find no error in the alimony award—the house payments, taxes and insurance thereon. From the record now before us, the child support allowance of $150 per month appears excessive under all the present circumstances. Cf. Deacon v. Deacon, Ky., 242 S.W.2d 857 (1951). It is our opinion that a re-evaluation is proper and that the court, in its discretion, could permit the parties to introduce additional evidence on the subject so that an equitable award may be made. Re-examination of financial and other conditions will occur from time to time if appropriate motions are made. Then proper adjustments may be indicated.

The judgment is affirmed in part and reversed in part for proceedings consistent herewith.

All concur.