RENDERED: SEPTEMBER 24, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0346-MR

MICHAEL ALLEN SASSEEN                                          APPELLANT

|       | APPEAL FROM MCCRACKEN CIRCUIT COURT          |
|-------|----------------------------------------------|
| v.    | HONORABLE DEANNA WISE HENSCHEL, JUDGE         |
|       | ACTION NO. 14-CI-00688                       |

VIVIAN MARIE SASSEEN (NOW                                     APPELLEE
VINIARD)

OPINION
AFFIRMING IN PART, VACATING IN PART,
AND REMANDING

** ** ** ** **

BEFORE: DIXON, KRAMER,[1] AND McNEILL, JUDGES.

McNEILL, JUDGE: Michael Allen Sasseen ("Father") appeals from an order of

the McCracken Family Court denying his request for sanctions and attorney's fees

and removing restrictions on contact between appellee, Vivian Marie Sasseen (now

---

[1] Judge Joy A. Kramer concurred in the above-styled Opinion prior to her retirement effective September 1, 2021. Release of this Opinion was delayed due to administrative handling.

Viniard) ("Mother") and the parties' minor child, A.S., without finding such contact was in the best interest of the child. For the reasons below, we affirm in part, vacate in part, and remand for specific findings of fact and conclusions of law regarding modification of visitation.

The parties were divorced on November 4, 2014. On May 8, 2015, the family court entered an "Agreed Supplemental Findings of Fact and Decree of Dissolution" which incorporated a marital settlement agreement between the parties. Pursuant to the agreement, Father and Mother were granted joint custody of their three children, N.S., J.S., and A.S.,[2] with Father being designated the primary residential parent. At the time, Mother had become estranged from her children and agreed to not exercise her visitation.

Relevant to the appeal, on August 24, 2017, Mother filed a "Motion to Increase Visitation" to attempt to reconnect with her children. Following a hearing, the family court entered an order granting mother's request to begin reunification counseling, and appointed Dr. Holly J. Mattingly, a licensed clinical psychologist, to perform the counseling.

Shortly into the sessions, Father and the children became concerned that Dr. Mattingly was siding with Mother in the reunification process and became

---

[2] At the time of the divorce, the children ranged in age from 10 to 16. N.S. and J.S. are now emancipated.

increasingly distrustful of her motives. Then, in January 2019, J.S. discovered a timeline of the family's custody and visitation issues Mother had posted on the internet, including information that suggested Mother had consulted with Dr. Mattingly prior to the reunification counseling. Concerned Dr. Mattingly and Mother were colluding in the reunification process, Father filed a motion to terminate reunification and to disqualify Dr. Mattingly.

On May 16, 2019, the family court held a lengthy hearing on the motion where Father, Mother, Dr. Mattingly, and Katherine Englert, the children's counselor, testified. Prior to the hearing, Father subpoenaed a copy of Dr. Mattingly's file as well as all text and email communications between Mother and Dr. Mattingly. Based upon these communications, Father alleged Dr. Mattingly and Mother had committed a fraud upon the court by colluding to remove Father from the children's lives. Following the hearing, the family court postponed ruling on the motion until it could review the text and email communications.

On August 28, 2019, the court met with the children to get their feedback on the reunification process. Prior to the meeting, Mother's attorney represented to the court that Dr. Mattingly no longer felt she was the best person to provide therapy to the children considering the state of her and the children's relationship. Thereafter, the court entered an order holding that the issue of whether to disqualify Dr. Mattingly as the reunification therapist was now moot.

Subsequently, Father moved the court to specifically rule on all issues contained in his "Motion to Terminate Reunification and Disqualify Therapist," including whether to terminate the reunification process; whether to disqualify Dr. Mattingly as a reunification therapist based upon collusion and fraud; and whether to award attorney's fees based upon the same. On February 6, 2020, the family court entered an order denying Father's request for attorney's fees, declining to "find that there was a fraud perpetrated on the [c]ourt." The court also denied the motion to disqualify Dr. Mattingly and stated that it "continue[d] to believe that reunification therapy is in the remaining minor child's best interest." Finally, the court removed all restrictions on contact between Mother and A.S., noting it "remained optimistic that the child and mother may begin to communicate slowly and perhaps their relationship will develop on its own." It is from this order that Father now appeals. Further facts will be set forth as necessary below.

First, we address the threshold issue of whether the above-styled appeal was taken from a final and appealable order. This Court lacks jurisdiction to hear appeals from interlocutory orders, and we are required to consider the issue of jurisdiction *sua sponte* before deciding a case on the merits. *See generally Hubbard v. Hubbard*, 303 Ky. 411, 197 S.W.2d 923 (1946). In the case at bar, although the order appealed from contemplates possible reunification therapy for the remaining minor child in the future, it does not *mandate* the parties obtain an

-4-

alternate reunification therapist or *require* that they take any further action concerning reunification. As noted above, the order instead rules that there shall be "no restriction on contact between [Mother] and [A.S.]," in the absence of either party's "present[ing] the [c]ourt with a proposed reunification therapist."

As noted herein, the genesis of the February 6, 2020 order was Father's Motion to Terminate Reunification and Disqualify Therapist. This motion followed the family court's February 5, 2018 order granting mother's request to engage in the reunification process. Appellant's Brief, at p. 3. In *Anderson v. Johnson*, 350 S.W.3d 453, 456-67 (Ky. 2011), our Supreme Court held that a post-decree motion concerning visitation or timesharing modification "is actually a vehicle for the reopening and rehearing on some part of a final order, which asks for adjudication on the merits presented at a required hearing." *Id.* Hence, an order "modifying a final order becomes the new final order and is subject to appeal." *Id*. at 436. *See also* KRS[3] 403.320; KRS 403.270. In this case, although the February 6, 2020 order does not contain complete finality recitations under CR[4] 54.02, it appears to have resolved all issues then pending before the family court by removing the restrictions on visitation between Mother and A.S. notwithstanding Father's assertion that Mother "circumvent[ed] court mandates for

---

[3] Kentucky Revised Statutes.

[4] Kentucky Rules of Civil Procedure.

reunification with a scheme of collusion"; by denying Father's request for attorney's fees; and by denying the motion to disqualify Dr. Mattingly. CR 54.01. Having been satisfied that our jurisdiction was properly invoked, we now turn to the merits of Father's arguments on appeal.

Father asserts the family court erred in failing to find fraud on the part of Mother and Dr. Mattingly and in removing restrictions on contact between Mother and A.S. Concerning fraud, the argument section of Father's brief only addresses the issue of sanctions and attorney's fees. There is no discussion of the court's failure to disqualify Dr. Mattingly or terminate reunification therapy. Therefore, we consider these issues waived. "An appellant's failure to discuss particular errors in his brief is the same as if no brief at all had been filed on those issues." *Milby v. Mears*, 580 S.W.2d 724, 727 (Ky. App. 1979); *see also Grange Mut. Ins. Co. v. Trude*, 151 S.W.3d 803, 815-16 (Ky. 2004).

As to attorney's fees, a trial court has broad discretion in awarding attorney's fees to either party in a dissolution proceeding. *Tucker v. Hill*, 763 S.W.2d 144 (Ky. App. 1988). KRS 403.220 authorizes an award of attorney's fees "after considering the financial resources of both parties" or to discourage obstructive tactics and conduct. *Gentry v. Gentry*, 798 S.W.2d 928, 938 (Ky. 1990). Further, attorney's fees may be awarded as a sanction "when the integrity of the court is at stake." *Seeger v. Lanham*, 542 S.W.3d 286, 295 (Ky. 2018). The

decision of whether to award attorney's fees will not be disturbed on appeal absent an abuse of discretion. *Sexton v. Sexton*, 125 S.W.3d 258, 272 (Ky. 2004). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Id.* (citations omitted).

The family court denied Father's request for attorney's fees after considering "the income of both parties, the issues before the [c]ourt, and the litigation and pleading practice and procedures." It further did "not find that there was a fraud perpetrated on the [c]ourt warranting an issuance of attorney fees." Father argues the family court's failure to find fraud warranting an award of attorney's fees was an abuse of discretion, pointing to text messages and emails between Mother and Dr. Mattingly as evidence of fraud and collusion. Specifically, he takes issue with Mother dictating Dr. Mattingly's therapy through third parties; questions Dr. Mattingly's motives and intentions in providing therapy; and argues Dr. Mattingly advocated for Mother, not the children.

Having reviewed the record, we cannot say the family court abused its discretion in denying Father's request for attorney's fees. The court considered the financial situation of the parties as required by KRS 403.220 and the parties' conduct as allowed by case law. It further found that no fraud had been committed warranting sanctions. Father's fraud allegations all boil down to disagreement

-7-

over witness credibility and Dr. Mattingly's methods. But "judging the credibility of witnesses and weighing evidence are tasks within the exclusive province of the trial court." *Moore v. Asente*, 110 S.W.3d 336, 354 (Ky. 2003).

However, we agree with Father that the family court erred in removing restrictions on contact between Mother and A.S. without concluding that unrestricted contact was in the child's best interest. Pursuant to KRS 403.320(3), a family court may modify visitation "whenever modification would serve the best interests of the child . . . ." *Id.* Here, the family court's order contained no such conclusion. Further, any conclusion concerning the best interest of the child should be supported by findings of fact, as required by CR 52.01. *See Anderson*, 350 S.W.3d at 459. Therefore, we remand with directions to the family court to enter specific written findings of fact and conclusions of law containing a best interest analysis.

Based on the foregoing, the McCracken Family Court's February 6, 2020 order is affirmed in part, vacated in part, and this matter is remanded for further proceedings consistent with this Opinion.

KRAMER, JUDGE, CONCURS.

DIXON, JUDGE, CONCURS IN RESULT ONLY.

BRIEF FOR APPELLANT:                    NO BRIEF FILED FOR APPELLEE.

Tiffany Gabehart Poindexter
Paducah, Kentucky