RENDERED: DECEMBER 16, 2021
TO BE PUBLISHED

# Supreme Court of Kentucky

2019-SC-0226-DG

LINDSEY CHILDERS, AS ADMINISTRATRIX      APPELLANTS
OF THE ESTATE OF CAMERON PEARSON;
LINDSEY CHILDERS, AS NEXT FRIEND AND
GUARDIAN OF A.P., C.P., AND E.P.,
MINORS; AND AMANDA WAITS


                        ON REVIEW FROM COURT OF APPEALS
V.                  NOS. 2017-CA-0669 & 2017-CA-0670
            JEFFERSON CIRCUIT COURT NO. 16-CI-003155


WILLIAM S. ALBRIGHT; BASU PROPERTIES,        APPELLEES
LLC; AND HARDSHELL TACTICAL, LLC


**OPINION OF THE COURT BY SPECIAL JUSTICE TENNYSON**

**<u>VACATING AND REMANDING</u>**

This case presents a novel issue for consideration by this Court: whether the Court of Appeals had jurisdiction to review an appeal from an interlocutory order in a civil action denying immunity under Kentucky Revised Statute (KRS) 503.085, Kentucky's "Stand Your Ground" law. We hold that it did not because an order denying KRS 503.085 immunity in a civil case does not satisfy the required elements for interlocutory review under the collateral order doctrine.

Accordingly, we vacate the opinion of the Court of Appeals for lack of jurisdiction and remand the case to the Jefferson Circuit Court.

## I. BACKGROUND

William Albright co-owned and worked at Hardshell Tactical, LLC—a gun shop—in Louisville. The store was in a shopping center owned by BASU Properties, LLC. On July 8, 2015, while Albright was working at Hardshell, he heard a gunshot outside of the store. Albright, armed with two guns, decided to investigate. In the parking lot of the shopping center, he encountered Kyle Pearson wielding a handgun. Other witnesses to the incident observed Kyle waving the gun around and pointing it at his own head. Kyle's brother, Cameron Pearson, unarmed, and also in the parking lot, began wrestling with Kyle for control of the handgun. As the brothers fought, Albright ordered Kyle to drop the gun but the fight continued, resulting in several errant shots being discharged from Kyle's gun. Albright, ultimately, fired several shots at the brothers. Kyle was injured. Cameron was killed.

A Jefferson County Grand Jury indicted Albright on charges of murder and first-degree assault in September 2015. After his indictment, in June 2016, Albright moved the trial court in his criminal case to find him immune from prosecution citing KRS 503.085, Kentucky's "Stand Your Ground" law.[1]

---

[1] KRS 503.085 provides:

(1) A person who uses force as permitted in KRS 503.050, 503.055, 503.070, and 503.080 is justified in using such force and is immune from criminal prosecution and civil action for the use of such force, unless the person against whom the force was used is a peace

2

The next month, Lindsey Childers, as administratrix of Cameron's estate, and as guardian of Cameron's three minor children, A.P., C.P., and E.P.; Cameron's sister, Amanda Waits (who was also present in the parking lot at the time of the shooting); and Kyle (collectively "the Pearson family"), filed a civil suit in the Jefferson Circuit Court against Albright, Hardshell, and BASU Properties alleging negligence and wrongful death claims. On August 11, 2016, the Jefferson Circuit Court judge presiding over Albright's criminal case granted his motion for immunity and ordered that the indictments against him be dismissed with prejudice.

Following the grant of KRS 503.085 immunity in the criminal action, Albright and Hardshell each filed CR[2] 12.03 motions for judgment on the pleadings in the civil case filed by the Pearson family, arguing that collateral

---

officer, as defined in KRS 446.010, who was acting in the performance of his or her official duties and the officer identified himself or herself in accordance with any applicable law, or the person using force knew or reasonably should have known that the person was a peace officer. As used in this subsection, the term "criminal prosecution" includes arresting, detaining in custody, and charging or prosecuting the defendant.

(2) A law enforcement agency may use standard procedures for investigating the use of force as described in subsection (1) of this section, but the agency may not arrest the person for using force unless it determines that there is probable cause that the force that was used was unlawful.

(3) The court shall award reasonable attorney's fees, court costs, compensation for loss of income, and all expenses incurred by the defendant in defense of any civil action brought by a plaintiff, if the court finds that the defendant is immune from prosecution as provided in subsection (1) of this section.

[2] Kentucky Rules of Civil Procedure.

3

estoppel and KRS 503.085(1) required that Albright be "immune from . . . civil action." The trial court denied the motions. Albright and Hardshell appealed from the order denying their CR 12.03 motions, asserting that an order denying a substantial claim of immunity is immediately appealable even in the absence of a final judgment.

The Court of Appeals, without addressing jurisdiction, reversed the civil circuit court, finding that collateral estoppel applied and that the grant of self-defense immunity in Albright's criminal case barred continued litigation of the civil action. This Court granted discretionary review, and specifically directed that the parties' briefs "address the question of whether the Court of Appeals had jurisdiction to consider an appeal from an interlocutory order denying self-defense immunity in a civil action." Because we hold that the Court of Appeals lacked jurisdiction to consider the appeal, we need not consider other issues addressed in its opinion.

### III. ANALYSIS

Jurisdiction is a threshold issue; "a court must have [it] before it has authority to decide a case." *Wilson v. Russell,* 162 S.W.3d 911, 913 (Ky. 2005). It cannot be waived or conferred by agreement of the parties. *Id.* A "court must determine for itself whether it has jurisdiction." *Hubbard v. Hubbard*, 303 Ky. 411, 412, 197 S.W.2d 923, 923 (1946). This Court is not excepted from that statement.

Appellate review is generally limited to final orders that "adjudicate[] all the rights of all the parties in an action or proceeding, or a judgment made

4

final under Rule 54.02 [after a determination that no just reason for delay exists]." CR 54.01; CR 54.02(1). But in certain instances, interlocutory appeals are expressly permitted by statute, civil rule, or common law. *See, e.g., Breathitt Cnty. Bd. of Educ. v. Prater,* 292 S.W.3d 883, 886 (Ky. 2009) (identifying circumstances in which interlocutory appeal is permitted); *see also* KRS 22A.020; *Commonwealth v. Farmer,* 423 S.W.3d 690, 693 (Ky. 2014) (interpreting KRS 22A.020 to mean "the Court of Appeals has appellate jurisdiction in those civil matters determined by this Court"). In 2009, in *Prater,* this Court recognized for the first time, though not explicitly by name, a new exception to the general rule that appeals may be taken only from final orders known as the collateral order doctrine. 292 S.W.3d at 886-87.

The collateral order doctrine originates from the U.S. Supreme Court's decision in *Cohen v. Beneficial Indus. Loan Corp.,* 337 U.S. 541 (1949), which held that interlocutory appeals, not otherwise permitted under federal procedural rules or by statute, were permitted "in a small class of cases which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require appellate consideration be deferred until the whole case is adjudicated." *Id.* at 545. In *Cohen,* the Supreme Court reasoned that the interlocutory order appealed from in that case was "appealable because it was a final disposition of a claimed right" and "not an ingredient of the cause of action" requiring "consideration with it." *Id.* at 546-47.

Applying the doctrine in *Prater*, this Court held an immediate appeal from an interlocutory order denying immunity to a school board from tort claims made outside of the Kentucky Board of Claims was permissible, 292 S.W.3d at 886-87, because the school board's claim to immunity could not be vindicated following entry of a final judgment. *Id.* After *Prater*, the scope of permissible interlocutory appeals in Kentucky expanded to include "order[s] denying a substantial claim of absolute immunity . . . even in the absence of a final judgment." *Id.* at 887.

This Court has honed its application of the collateral order doctrine since its decision in *Prater*, beginning with *Commonwealth v. Farmer*, 423 S.W.3d 690 (Ky. 2014). In that case, Farmer, a criminal defendant, argued he was immune from prosecution for murder because he had been legally justified to act in self-defense. *Id.* at 691-92. After the trial court denied Farmer's motion to dismiss the indictment, he pursued an interlocutory appeal. *Id.* The Court of Appeals held that it had jurisdiction to consider the appeal, analogizing Farmer's claim for immunity to the civil circumstances presented in *Prater*. *Id.* at 692. This Court reversed, finding that the Court of Appeals lacked jurisdiction because the collateral order doctrine did not apply in the circumstances presented in that case. *Id.* at 691.

In its analysis, the *Farmer* Court, drawing upon the Supreme Court's decisions in *Mitchell v. Forsyth*, 472 U.S. 511 (1985), and *Nixon v. Fitzgerald*, 457 U.S. 731 (1982), adopted a three-element test to determine when the collateral order doctrine applies. *Farmer*, 423 S.W.3d at 696-97. As stated in

6

*Farmer*, the elements of the test were: (1) the order must conclusively determine the disputed question; (2) the order must "resolve an important issue completely separate from the merits of the action"; and (3) the order must be effectively unreviewable on appeal from final judgment. *Farmer,* 423 S.W.3d at 696 (citing *Nixon,* 457 U.S. at 742). As to the final element of the test, this Court noted "'it is not mere avoidance of a trial, but avoidance of a trial that would imperil a substantial public interest, that counts when asking whether an order is 'effectively' unreviewable if review is to be left until later.'" *Id.* at 697 (quoting *Will v. Hallock,* 546 U.S. 345, 352-53 (2006)).

Applying the test in *Farmer*, the Court held that the first element of the doctrine was satisfied because the order denying the motion to dismiss the indictment conclusively decided the disputed question—whether Farmer was legally immune from prosecution. 423 S.W.3d at 697. The second element of the doctrine, however, was not present because whether a person justifiably acts in self-defense "is inextricably part of the merits of the case." *Id.* at 697. Finally, the Court held that the third element of the doctrine was "simply absent" because Farmer's immunity claim did not present a risk to "a substantial public interest." *Id.* Rather, "Farmer's interest in asserting immunity and avoiding prosecution . . . is purely personal in nature." *Id.*

In the years following *Farmer*, the Court continued to refine the contours of Kentucky's collateral order doctrine, applying it to various interlocutory appeals. *See, e.g., Maggard v. Kinney,* 576 S.W.3d 559 (Ky. 2019) (dismissing appeal regarding application of judicial statements privilege between two

7

physicians in litigation); *Hampton v. Intech Contracting, LLC*, 581 S.W.3d 27 (Ky. 2019) (holding Court of Appeals properly dismissed appeal in workers' compensation case because it was without jurisdiction to consider interlocutory order granting motion for partial summary judgment). In *Maggard* in 2019, the Court emphasized that interlocutory appeals are "rare" and that "Kentucky courts have in some instances allowed the collateral order doctrine to expand beyond 'its logic and . . . the [*Cohen*] criteria.'" 576 S.W.3d at 566 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 672 (2009)).

Most recently, in *Sheets v. Ford Motor Company,* 626 S.W.3d 594 (Ky. 2021), the Court held that Ford Motor Company did not have a right to take an interlocutory appeal from an order denying up-the-ladder immunity under the Workers' Compensation Act. *Id.* at 596. In its analysis, the Court also took the opportunity to review "the progression of our jurisprudence" concerning the collateral order doctrine. *Id.* at 599. First, it reiterated that all three elements of the doctrine must be met before an appellate court has jurisdiction to review an interlocutory order. *Id.* Second, the Court succinctly recited and clarified the three elements of the doctrine, stating that the challenged interlocutory order "must (1) conclusively decide an important issue separate from the merits of the case; (2) be effectively unreviewable following final judgment; and (3) involve a substantial public interest that would be imperiled absent an immediate appeal." *Id.* (citing *Farmer*, 423 S.W.3d at 696-97). Significantly, the Court noted the increased emphasis on the third element of the test, i.e., that the

interlocutory order involves a substantial public—not personal—interest that would be imperiled without an immediate appeal. *Id.*

This Court's decision in *Sheets* recognized that not all denials of immunity satisfy the third element of the collateral order doctrine. "In fact, in instances when no governmental entity or official is a party to the case and there is no concern with 'preserving the efficiency of government,' it is unlikely that a denial of a party's claim of immunity will meet this final element." *Id.* at 599 (citing *Maggard*, 576 S.W.3d at 566; *Will*, 546 U.S. at 352-53).

Applying the Court's jurisprudence to the present appeal, we hold that the trial court's order denying Albright and Hardshell's CR 12.03 motions does not satisfy the collateral order doctrine, and accordingly, does not merit interlocutory review. While the first element—that the order must conclusively decide an important issue separate from the merits of the case—arguably may be met,[3] the other two elements are not. The order denying the motions does not involve a substantial public interest that would be imperiled absent an immediate appeal. Neither Albright nor Hardshell is a governmental entity or official, nor do Albright's immunity claims raise any concern implicating governmental efficiency. In the circumstances presented, the Appellees' interest in asserting immunity is best characterized as being "purely personal in nature." *Farmer*, 423 S.W.3d at 697. Albright and Hardshell's right to appeal

---

[3] We need not decide whether a claim of self-defense made pursuant to KRS 503.085 in a civil action is "inextricably part of the merits of the case," *Farmer*, 423 S.W.3d at 697, because we have determined that the other elements of the collateral order doctrine are not met.

9

the trial court's rulings following a final judgment is not disturbed by the Court's holdings. Because the interlocutory orders at issue do not meet all elements of the collateral order doctrine, the Court of Appeals and this Court lack jurisdiction to hear Albright and Hardshell's interlocutory appeal on the merits.

### III. CONCLUSION

For the foregoing reasons, we vacate the opinion of the Court of Appeals and remand this matter to the trial court for further proceedings.

Minton, C.J.; Conley, Hughes, Keller, and Vanmeter, JJ.; and Special Justice Cheryl U. Lewis and Special Justice Julie A. Tennyson sitting. All concur. Lambert and Nickell, JJ., not sitting.

COUNSEL FOR APPELLANTS:

Kevin C. Burke
Jamie K. Neal
Burke Neal PLLC

Martin Pohl
Rick Hessig
Hessig & Pohl, PLLC

COUNSEL FOR APPELLEE,
WILLIAM S. ALBRIGHT:

Gregg E. Thornton
Maxwell D. Smith
Betsy R. Catron
Ward, Hocker & Thornton, PLLC

10

COUNSEL FOR APPELLEE,
BASU PROPERTIES, LLC:

Charles H. Cassis
Aida Almasalkhi
Goldberg Simpson, LLC


COUNSEL FOR APPELLEE,
HARDSHELL TACTICAL, LLC:

Melissa Thompson Richardson
Ashley L. Daily
Walters Richardson, PLLC


COUNSEL FOR AMICUS CURIAE,
KENTUCKY DEFENSE COUNSEL, INC.:

Jeffrey C. Mando
Olivia F. Amlung
Adams, Stepner, Woltermann & Dusing, PLLC


COUNSEL FOR AMICUS CURIAE,
KENTUCKY LEAGUE OF CITIES:

Derrick T. Wright
Charles D. Cole
Sturgill, Turner, Barker & Moloney, PLLC