Edwards, Ch J.
delivered the following opinion of the courtBy the constitution of this state, Art. 4, § 2, it is declared, that “ the court of appeals, except in cases otherwise directed by this constitution; shall have pellate jurisdiction only ; which shall be c'o-exterisive with the state, under such restrictions and regulations, n-ot repugnant to this constitution, as may, from time to time, be prescribed by law.” As this is notone of the cases excepted, ⅛⅛ necessary to shew, that it will be the exercise of an appellate jurisdiction, or of a necessary incident or appendage to an appellate jurisdiction, in case the mandamus shall issue.
What was, or was not an appellate jurisdiction, was Understood, at and before the consthution was framed : to that meaning, the constitution must have reference. Ours is a government, organised by assigning to the different departments, their respective limits. Thateach department shall be confined within those limits, is essential to the nature and existence of the government-» That the constitution is supreme, and controls and binds down every department,is one of those plain propositions, no longer contested amongst those who regard the princi-ciples upon which written constitutions are constructed.
By the same rule, therefore, by which the legislature would be restrained from giving to this court, a jurisdiction not warranted by the constitution, this court must feel restricted from theexerciseof such jurisdictions
If the issuing the mandamus is an original, and not an appellate jurisdiction, this court has not the right to isL sue it, and the legislature cannot give it, they being equally bound by the constitution, as the fundamental and paramount law — controling every legislative act which is repugnant to it.
It is a primary essential to appellate judicial jurisdiction, that it should be the revision and correction of a judicial decision.
The 4th article, before refered to, declares that it is the judicial power of this commonwealth, which shall be ves-1 ted in one supreme court, to be styled the court of appealst
The next section declares, that this court shall have appellate jurisdiction only. But what kind of appellate jurisdiction ? Is it to be of the legislative, executive, or judicial kind t Surely none can doubt, but that it *610 must be the latter only. An appeal from the act of aft executive officer, to thfe court of appellate judicial jurisdiction, in the first instance, would undoubtedly be the creation of the judicial proceedings, and not a revision of such decision It would be the origination of the action, in a court of justice ; and, therefore, not an appellate judicial action or writ. Much less is it necessary to enable us to exercise our appellate jurisdiction.
No analogy can be drawn from the exercise of the power to issue writs of mandamus by the court of king’s bench, in England. That court had original, as well as appellate jurisdiction ; it was an emanation from the king’s prerogative, and the writ of mandamus was a prerogative writ. That court had original jurisdiction over all capital offences ; all other misdemeanors of a public .nature, tendingto a breach of the peace; to oppression, or faction, or imi/ manner of misgovernment; and it is not material whether such offences, being manifestly against the public good, directly injured anv particular person, or not.
Far different, and more limited, is that jurisdiction, which is “ appellate only.” And so tras it wisely established by the framers of the constitution : otherwise, that court which is to give light and direction to all the other tribunals of justice, might, from the multiplicity of suits, become only the grave, instead of being thfe sold of justice.
The nature of its appellate jurisdiction, was presented for consideration, to this court, in the case of Smith vs. Carr, ⅛⅛. (a), decided at this term. There the court had occasion to take notice of some former precedents, and the reasons for overruling them. We can only add, that, as we are firmly persuaded, that the legislature have not given, and could not give the jurisdiction to this court, to issue a mandamus, before the case had been decided on, or presented to a subordinate court ; and that the constitution, the supreme lav/ of the land, prohibits the exercise of original jurisdiction, except in some cases, as specified therein (of which this is not one) ; so neither can we consent to assume a jurisdiction in defiance of that instrument by which we are bound, and which" we are sworn to support.
The motion must be overruled.*

«) Ante 305.

 En1 the cafe Daniel vs- Warren county court, fail term 1SC9, it was decided, that a mandamus was anorigina!, and not an appellate proceeding J and that, therefore, this court had not jurifdi&ion to award one in any caie*