CASE 35—PETITION ORDINARY—NOVEMBER 16.

## Christman v. Chess, Wymond & Co.

APPEAL FROM JEFFERSON CIRCUIT COURT, COMMON PLEAS DIVISION.

1. FINAL JUDGMENT, WHAT CONSTITUTES—PRACTICE IN CIVIL CASES. A final judgment is one which either terminates the action itself, decides some matter litigated by the parties, or operates to divest some right in such manner as to put it out of the

Christman v. Chess, Wymond & Co.

power of the court making the order, after the expiration of the term, to place the parties in their original position; neither an order refusing to set aside an order granting a new trial, nor an order refusing to enter judgment on a verdict, are final orders.

SIMRALL, BODLEY & DOOLAN FOR APPELLANT.

1. A new trial granted by the court upon its own motion after the expiration of three days from the rendition of the verdict, when no motion or grounds for a new trial had been filed, was void, and the order entered pursuant thereto was void; the appellant having moved to vacate the void order, and his motion having been denied, the court of appeals will have jurisdiction of the appeal from that void order. Louisville Rock & Lime Co. v. Kerr, 78 Ky., 14.

B. F. WASHER OF COUNSEL ON SAME SIDE.

KOHN, BAIRD & SPINDLE FOR APPELLEES.

1. An order granting a new trial is not final and can not be appealed from. Civil Code, sections 734, 368; Miller v. Ashcraft, 17 Ky. Law Rep., 895; Rucker v. Pritchett, 3 Bush, 689; Nickell v. Fallen, 11 Ky. Law Rep., 621.

2. A court of general jurisdiction not only has inherent power to set aside a verdict of its own motion during the term, for just cause, but it is its duty to do so. Casey v. R. R. Co., 84 Ky., 81; White v. Green, 3 Monroe, 156; Wolmerstadt v. Jacobs, 16 N. W. Rep., 217; Works on Courts and Jurisdiction, 671, 672, 673; Black on Judgments, vol. 1, sec. 153; Thompson on Trials, vol. 2, sec. 2711; Civil Code, secs. 384-385; Rex. v. Atkinson, 5 T. R., 437, note A; Rex v. Morris, 2 Burr, 1189; Rex v. Holt, 5 T. R., 438; Williams v. Circuit Court, 5 Mo., 248; State v. Adams, 12 Mo. App., 436, i. b. 84 Mo. 315; Richmond v. Wardlaw, 36 Mo., 313; Simpson v. Blunt, 42 Mo., 544; McCabe v. Lewis, 76 Mo., 301; State v. McCrea, 3 Sou. Rep., 380.

JUDGE PAYNTER DELIVERED THE OPINION OF THE COURT.

This is an action to recover damages for personal injury. On January 8, 1896, the case was tried and the jury rendered a verdict of $1,000 for the plaintiff, Christman. The defendant immediately, on the rendition of the verdict, moved the court for a judgment notwithstanding the verdict. No motion

was made or grounds for a new trial filed in the case. The court took time on the defendant's motion and on the 8th of February, during the term of court at which the case was tried, overruled the defendant's motion, and on its own motion granted a new trial for the reason, as given in court's opinion, the verdict was not sustained by the evidence. The plaintiff moved to set aside the order granting a new trial, and moved that the court render a judgment on the verdict. The court overruled these motions. It would be useless expenditure of time to engage in a discussion to show that this court has only appellate jurisdiction in cases where final judgments or orders have been rendered. If there was not a final judgment or order in this case, it follows that this court has no jurisdiction of the appeal. While it may be said that it might save the expense of trials hereafter to dispose of the question as to the right of the court to grant a new trial, and the question as to whether the court should have rendered a judgment notwithstanding the verdict, but a sufficient answer is made by saying that this court can only hear appeals from final judgments or orders.

In Helm, &c. v. Short, &c., 7 Bush, 624, the court said: "Blackstone (3 Commentaries, 497) defines final judgments to be such as at once puts an end to the action by declaring that the plaintiff has either entitled himself, or has not, to recover the remedy sued for."

In the case of the Maysville & Lexington Railroad v. Punnett, 15 B. Monroe, 48, this court holds that a final order "either terminates the action itself, decides some matter litigated by the parties, or operates to divest some right in such manner as to put it out of the power of the court making the

order, after the expiration of the term, to place the parties in their original position."

Both of these definitions were quoted with terms of approval by the court in the subsequent case of Turner v. Browder and others, 18 B. Monroe, 826, and they may be accepted as correct expositions of the terms "final orders and judgments."

The court did not render the judgment on either the motion of the defendant or plaintiff. There has been no final order or judgment in this case. The order refusing to set aside the order granting a new trial and the order refusing to enter judgment on the verdict are not final orders.

Counsel for appellant relies upon the case of Louisville Rock & Lime Co. v. Kerr, &c., 78 Ky., 12, to sustain the right of appeal in this case. In that case there had been a judgment upon the verdict. After the term at which the judgment was rendered had expired the court made the order granting a new trial. This court held that the order was void, and, therefore, upon the court's refusal to set it aside an appeal would lie. The facts were entirely different in that case from what they are in the present case. Whether the court should have granted a new trial without grounds being filed it is not necessary for us to decide on this appeal. Assuming the court should not have granted a new trial without a motion being entered and grounds filed therefor the action of the court was not void, but erroneous.

The order was made at the term at which the verdict was rendered, and before any judgment had been entered upon the verdict. Should this case after final judgment be appealed to this court, then the court will have the power to

review the action of the court in overruling the plaintiff's motion for a judgment notwithstanding the verdict, and in granting a new trial.

The appeal and cross appeal are dismissed.