## Coomer v. Commonwealth.

March 1, 1949.

F. T. Allen, H. L. Rudd and E. C. Roberts for appellant.

A. E. Funk, Attorney General and Zeb A. Stewart, Assistant Attorney General for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SIMS—Overruling motion.

Swoonie Coomer has filed a motion here for an appeal from what he claims was a conviction of flourishing a deadly weapon where his punishment was fixed at a fine of $100 and confinement in the county jail for ten days. The record upon which his appeal is attempted to be prosecuted is as incomplete and as poorly made-up as any the writer has ever seen in this court.

There is some doubt in our minds as to whether there is a verdict in the record since all that appears is, "Jury and verdict $50, and 10 days in Jail." This purported verdict does not state that the jury found the accused guilty, nor is it signed. But we do not reach the question as to whether or not there was a verdict because there is no judgment in the record. There is a motion for a new trial and an order overruling it wherein the accused was granted until the 11th day of the next regular term to prepare his bill of exceptions. But no

bill of exceptions was ever filed; at least, none is incorporated in the record.

The accused has the right to have reviewed in this court a judgment against him where the fine is as much as $50, or his imprisonment exceeds thirty days. Criminal Code of Practice. Sec. 347. An appeal in a felony case shall be taken only from a final judgment, except on behalf of the Commonwealth. Criminal Code of Practice. Sec. 335. This rule also applies to misdemeanor cases. Gosney v. Commonwealth, 309 Ky. 187, 217 S.W.2d 225.

No motion is made by the Commonwealth to overrule Coomer's motion for an appeal, but as there is no judgment contained in the record there is nothing from which he may prosecute an appeal; therefore, we are without jurisdiction to entertain his motion and it is hereby overruled.