## American Fidelity & Casualty Co. et al. v. Patterson et al.

February 27, 1951.

Kindrick S. Alcorn, Judge.

Robert M. Odear, Stoll, Keenon & Park and James Clay for appellants.

Ralph G. Stone, Albert Reutingler and George Silliman for appellees.

JUDGE HELM—Dismissing appeal.

On December 7, 1947, appellee, Helen E. Patterson, accompanied by Kathryn Allen and Jennie V. Patterson, was driving an automobile belonging to Kenneth J. Patterson on a highway in Boyle County. It was raining, the road was slippery, the car skidded and overturned. A bus of Indianapolis & Southeastern Trailways, Inc. was proceeding some distance behind the Patterson car. The driver, in going down a hill toward the overturned car, was not able to control his bus because of the slippery condition of the road. The bus collided with the overturned car. The car was pushed several feet, resulting in the death of Louis Robards Currens, and severe injuries to William Whitlock. After suits were filed, appellant American Fidelity & Casualty Company, insurance carrier for the bus

company, settled with the administrator of Currens for $8,104, and with William Whitlock for $5,000.

In this action appellants seek a contribution of 50 per cent of the amount, including costs, expended by appellants in settlement of the cases, on the ground that appellees were jointly and concurrently negligent with the driver of the bus.

In their statement of appeal, appellants set out that the judgment appealed from appears on page 73 of the record. On pages 73 and 74 of the record we find an order of trial showing that a jury was selected; proof was offered by both parties; appellees, at the conclusion of all the evidence, moved for a directed verdict; the court sustained that motion and directed the jury to find for appellees, to which ruling appellants excepted; that "in obedience to the instructions of the court the jury returned the following verdict: 'We the jury pursuant to the peremptory instruction of the court find for the defendants.'" But the record does not show that any judgment was entered at that time.

Appellants filed motion and grounds for a new trial. An order of September 28, 1949, provides: "This cause coming on to be heard upon plaintiff's motion and grounds for a new trial herein; the court being advised overrules said motion, to which ruling the plaintiff objects and excepts and prays an appeal to the Court of Appeals which is granted." This order assumes that a judgment had been entered.

Here appellees insist that "there is no judgment in the record from which appellants may prosecute an appeal. Therefore, appellants' cause may not be heard here for want of jurisdiction."

Civil Code of Practice, sec. 734, and KRS 21.060 provide for appeals from final orders and judgments in civil cases. If a judgment had been entered following the verdict of the jury dismissing appellants' petition, appellants, by filing motion and grounds, would have suspended proceedings on the judgment until the motion was disposed of. A judgment so suspended is not final for the purposes of appeal, and an appeal should not be prayed in the lower court until after the judgment becomes final by the overruling of the motion. But here we have no judgment. Not having a final judgment in

the record, we are without jurisdiction of the appeal in this case. Civil Code, sections 368 and 734; 4 C.J.S., Appeal and Error, sec. 123, page 244; Miller's Appellate Practice and Forms, sec. 63; Newman's Pleading, Practice and Forms, Vol. 2, p. 1477; Coomer v. Commonwealth, 309 Ky. 575, 218 S. W. 2d 393; Hubbard v. Hubbard, 303 Ky. 411, 197 S.W.2d 923.

The appeal is dismissed.