**Michael WILSON Appellant**

v.

**Keith RUSSELL Appellee**

**No. 2003–SC–001015–DG.**

Supreme Court of Kentucky.

May 19, 2005.

Frank V. Benton, IV, Benton, Benton & Luedeke, Newport, Counsel for Appellant.

Richard A. Woeste, Bathalter & Woeste, P.S.C., Alexandria, Counsel for Appellee.

Opinion of the Court by Chief Justice LAMBERT.

This case began with a remodeling project at the home of Michael Wilson, the Appellant. Wilson called upon the assistance of his longtime friend, Appellee Keith Russell, one experienced in construction and remodeling. Wilson set up the work area and assembled a scaffold on his premises, using for support a wooden ladder that he owned. The ladder was approximately five years old, had never been subjected to maintenance during that time, and had been left outside in the weather a few times. When Russell climbed onto the scaffold, a rung on Wilson's ladder broke, causing the scaffold to tilt. Russell fell about five feet, fracturing his heel bone. He sued his old friend Wilson for damages.

At trial, the jury returned a verdict in Wilson's favor. However, Russell moved for judgment notwithstanding the verdict, and the motion was granted in an order dated June 4, 2002. In that order, the trial court granted judgment notwithstanding the verdict, and ordered a new trial on the issues of comparative negligence and

damages. Despite the interlocutory character of the June 4, 2002, order, an appeal was taken to the Court of Appeals and that court affirmed on the merits of the case. This Court granted discretionary review and now vacates the opinion of the Court of Appeals and remands to the trial court for further proceedings.

It is fundamental that a court must have jurisdiction before it has authority to decide a case. Jurisdiction is the ubiquitous procedural threshold through which all cases and controversies must pass prior to having their substance examined. So fundamental is jurisdiction that it is the concept on which first-year law students cut their teeth. Here, jurisdiction in the context of appellate procedure is at issue because no final order or judgment has been entered by the trial court. At the outset we note that an appeal may be properly considered only if perfected according to our rules of practice and procedure. Our rules require that there be a final order or judgment from which an appeal is taken.[1]

We begin with CR 73.02. "The notice of appeal shall be filed within 30 days after the date of notation of service of the *judgment or order* under Rule 77.04." CR 77.04(2) mandates that the clerk of the court immediately serve a notice of entry of a *judgment or final order*, among other things, upon every party to the proceeding who is not in default for failure to appear. CR 54.01 defines a final or appealable judgment as a final order "adjudicating all the rights of all the parties in an action or proceeding." CR 54.02 does provide a limited exception where there are multiple parties or multiple claims. It allows for an appeal when less than all the rights of all the parties have been adjudicated, but only upon a determination that it is final and that there is no just reason for delay. In the absence of such finality and a recitation thereof, the order is interlocutory and subject to modification and correction before becoming a final and appealable judgment or order.

The judgment from which Wilson sought to appeal does not adjudicate all the rights of all the parties.[2] To the contrary, it specifically calls for a new trial as to comparative negligence and damages. Therefore, it was not appealable. And Wilson finds no refuge in CR 54.02 because no part of the order was final and appealable. Despite the foregoing, neither party nor the Court of Appeals identified this issue. However, even though not raised, "jurisdiction may not be waived, and it can not be conferred by consent of the parties. This [C]ourt must determine for itself whether it has jurisdiction."[3] As there is no final order or judgment from which to appeal, the Court of Appeals was without jurisdiction.[4] And it has long been

---

1. KRS 22A.020 grants jurisdiction to the Court of Appeals regarding interlocutory orders of the Circuit Court in civil cases provided that it is authorized by rules promulgated by the Supreme Court. However, CR 65.07, which is the rule promulgated by the Supreme Court allowing for such jurisdiction, deals only with injunctions, which are not at issue in this appeal.

2. CR 54.01.

3. *Hubbard v. Hubbard*, 303 Ky. 411, 197 S.W.2d 923 (1946). *See also* Kentucky Bar Foundation, Kentucky Appellate Practice § 21.03 (1985).

4. *See American Fidelity & Casualty Co. v. Patterson*, 314 Ky. 741, 742–43, 237 S.W.2d 57 (1951) ("Not having a final judgment in the record, we are without jurisdiction of the appeal in this case."); *see also Coomer v. Commonwealth*, 309 Ky. 575, 576, 218 S.W.2d 393 (1949) ("[A]s there is no judgment contained in the record there is nothing from which he may prosecute an appeal; therefore, we are without jurisdiction to entertain his motion and it is hereby overruled."); *Christ-*

a fundamental maxim that a court will not assume jurisdiction where it does not exist.[5]

In conclusion, an order granting judgment notwithstanding the verdict and assigning the case for further trial court proceedings is not a final or appealable judgment. No appellate court possesses jurisdiction to undertake review in such a case. Accordingly, we vacate the opinion of the Court of Appeals for want of jurisdiction and remand to the trial court for further proceedings.

COOPER, GRAVES, JOHNSTONE, KELLER, SCOTT, and WINTERSHEIMER, JJ., concur.

---

man v. Chess, 102 Ky. 230, 43 S.W. 426 (1897) ("If there was not a final judgment or order in this case, it follows that this court has no jurisdiction of the appeal.").

**5.** *Cf. Morgan v. Register,* 3 Ky. (Hard.) 609, 610 (1808) ("so neither can we consent to assume a jurisdiction in defiance of that instrument by which we are bound, and which we are sworn to support.").