**STEPHEN D. PRATER BUILDER, INC., Appellant**

v.

**LARMAR LODGING CORPORATION, Appellee.**

No. 2013–CA–001242–MR.

Court of Appeals of Kentucky.

Aug. 22, 2014.

John Wickliffe Hays, Lexington, KY, for Appellant.

Thomas M. Todd, Robert C. Stilz III, Lexington, KY, Don A. Bailey, Louisa, KY, for Appellee.

Before COMBS, STUMBO, and THOMPSON, Judges.

## OPINION AND ORDER

COMBS, Judge:

Larmar Lodging Corporation and Stephen D. Prater Builder Inc. completed arbitration in order to resolve a dispute. Pursuant to Kentucky Revised Statute[s] (KRS) 417.160, the Lawrence Circuit Court vacated the award granted by the arbitrator and remanded for a new hearing. Prater appealed the circuit court's order to this court. Larmar filed a motion to dismiss the appeal. After careful consideration of the applicable law,[1] we grant the motion.

KRS 417.220(1) sets forth the circumstances under which an arbitration award may be appealed. Pertinent to this appeal, it provides as follows:

An appeal may be taken from:

(c) An order confirming or denying confirmation of an award; [or]

(e) An order vacating an award *without* directing a rehearing[.]

(Emphasis added). Prater urges us to consider the circuit court's order to be the equivalent of a denial of confirmation addressed by KRS 417.220(1)(c). However, if that were the case, section (e) would be meaningless. By enacting (e), the General Assembly has designated that there is a difference between denying a confirmation of an award and vacating an award. It is noteworthy that the statute emphasizes that an order vacating *without* directing a rehearing *is* appealable. The converse would appear implicit; *i.e.,* that an order directing a rehearing is non-final and therefore non-appealable.

Aside from the plain meaning of the statute, the appeal is procedurally impermissible. An "appealable judgment is a final order adjudicating all the rights of all the parties in an action or proceeding[.]" Kentucky Rule[s] of Civil Procedure (CR) 54.01. In cases where a court grants a motion for judgment notwithstanding the verdict and directs a new trial, appellate courts do not have jurisdiction. *Wilson v. Russell,* 162 S.W.3d 911 (Ky.2005). The direction of a new trial precludes adjudication of "all the rights of all the parties." *Id.* at 913.

Likewise, in this case, the order vacating the award and directing a new hearing does not adjudicate all the rights of all the parties. We note that subsequent to the

---

1. The issue presented by the motion to dismiss has been addressed one time by this court. *Paul Miller Ford, Inc. v. Craycraft,* 2005 WL 1593418 (Ky.App. July 8, 2005). It was ordered depublished by the Supreme Court. Nonetheless, we believe its reasoning is sound and we were guided by it for this opinion.

submission of Larmar's motion to dismiss, the Supreme Court stated in *dicta* that "[t]o reach finality, the trial court would have to confirm, modify, or correct the arbitration award and enter a judgment in conformity therewith." *JPMorgan Chase Bank, N.A. v. Bluegrass Powerboats*, 424 S.W.3d 902, 908–09 (Ky.2014). Therefore, the order of the circuit court is not final and may not be appealed.

Accordingly, we GRANT the motion to dismiss.

ALL CONCUR.