RENDERED: APRIL 5, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-1235-MR

TIMOTHY WARD                                                                APPELLANT

v.                APPEAL FROM JEFFERSON CIRCUIT COURT
                  HONORABLE LAUREN ADAMS OGDEN, JUDGE
                  ACTION NO. 21-CI-500129

COURTNEY WARD                                                               APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, KAREM, AND TAYLOR, JUDGES.

ACREE, JUDGE: Appellant Timothy Ward (Husband) appeals the Jefferson

Family Court's October 1, 2021 and October 13, 2021 orders awarding the family

dog to Appellee Courtney Ward (Wife). Husband argues the family court abused

its discretion in making the award because it failed to consider all factors as

required by statute. We detect no error and affirm.

# BACKGROUND

Husband and Wife were married on June 20, 2015. Wife took leave from her job as a teacher because of various health problems. The family court found, and Wife asserts, the parties decided to adopt a dog named Ruckus to keep Wife company while Husband was away at work. However, Husband disputes when and, therefore, why the parties acquired Ruckus.

Wife provided care to Ruckus from his adoption until the parties' separation in December of 2020. On December 31, 2020, Wife moved to Houston, Texas. She left Ruckus behind but intended to return for the dog within a few weeks. However, she did not do so, and the dog remained in Husband's care. Husband filed his Petition for Dissolution on January 15, 2021, and Wife filed her Response on February 2, 2021.

Wife filed a "Motion for Immediate Return of Dog 'Ruckus'" on May 18, 2021. In support of her motion, Wife included a letter from her psychologist, Dr. Valerie Fallon, Psy.D, stating Wife requires an emotional support animal as part of her living and travel arrangements. Dr. Fallon believed Wife's emotional support animal should be permitted to reside with her. However, Dr. Fallon did not state that Ruckus was Wife's emotional support animal.

The family court heard the motion on May 24, 2021. The court denied immediate return of Ruckus and scheduled the motion for an additional

hearing. The hearing was held on October 1, 2021, and the family court entered an order awarding Ruckus to Wife that day.

In that order, the family court considered Dr. Fallon's letter, as well as Wife's belief that Ruckus was her emotional support animal. The family court noted that Kentucky does not recognize custody of pets and that pets are disposed as property in accordance with KRS[1] 403.190. The family court nevertheless concluded it would be equitable to award Ruckus to Wife. The court gave Husband 72 hours to comply with its order.

Husband then filed a motion to alter, amend, or vacate the October 1, 2021 order. The family court granted this motion amending the first order to include additional findings. These findings include that Ruckus is not a service dog, but that Ruckus is a certified emotional support animal. Further, the family court found that Wife did not abandon Ruckus when she moved to Texas, that the dog's monetary value is likely nominal, and that Wife had limited financial resources when the parties separated. However, the court did not vacate its award of Ruckus to Wife.

Despite the family court having not yet entered a final decree of dissolution in the case, both orders included the following language: "This is a final and appealable order and there is no just cause for delay in its entry."

---

[1] Kentucky Revised Statutes.

Appellant filed his notice of appeal with this Court on October 22, 2021, appealing both orders and initiating the present appeal – despite the family court having not yet entered a final decree of dissolution.

The parties entered into a marital settlement agreement on December 22, 2021. Therein, the parties agreed as to the disposition of marital property, including, but not limited to, real estate, their car, and bank accounts. However, the agreement specifically acknowledges the parties' continued trouble with Ruckus. The agreement identifies Ruckus as the sole remaining contention regarding personalty between them, states that Ruckus "has been the subject of a plethora of litigation[,]" that Husband has sought relief from this Court, and that "[t]his matter remains pending at this time."

The family court entered its Findings of Fact, Conclusions of Law, and Dissolution of Marriage on February 7, 2022. The court incorporated the marital settlement agreement therein. The court also noted that "[t]here is one matter currently on appeal before the Kentucky Court of Appeals"; *i.e.*, the dispute over Ruckus, and that "[a]ll other matters have been resolved." The Decree of Dissolution also stated that "[t]his is a final order, and there is no just cause for delay."

## ANALYSIS

### I. The Court has Jurisdiction to Consider this Appeal.

This case presents us with an unusual threshold inquiry. Wife argues that, because Husband appealed from interlocutory pre-decree orders, and because, as she asserts, the case lacks a final judgment from which Husband can appeal, this Court lacks jurisdiction over this appeal and that it must be dismissed. She argues the decree of dissolution is not final because it specifically acknowledges the dispute regarding Ruckus remains pending. We do not agree.

"Whether a circuit court ruling constitutes a final decision or judgment is a question of law." *Chesley v. Abbott*, 524 S.W.3d 471, 478 (Ky. App. 2017) (citing *First Nat. Bank of Mayfield v. Gardner*, 330 S.W.2d 409, 411 (Ky. 1959)). Appellate courts review legal issues *de novo*. *Hunter v. Hunter*, 127 S.W.3d 656, 659 (Ky. App. 2003).

"It is fundamental that a court must have jurisdiction before it has authority to decide a case." *Wilson v. Russell*, 162 S.W.3d 911, 913 (Ky. 2005). Indeed, "[s]o fundamental is jurisdiction that it is the concept on which first-year law students cut their teeth." *Id*. As Section 111(2) of the Kentucky Constitution provides:

> The Court of Appeals shall have appellate jurisdiction only, except that it may be authorized by rules of the Supreme Court to review directly decisions of administrative agencies of the Commonwealth, and it may

issue all writs necessary in aid of its appellate jurisdiction, or the complete determination of any cause within its appellate jurisdiction. In all other cases, it shall exercise appellate jurisdiction as provided by law.

KY. CONST. § 111(2). Because our exercise of appellate jurisdiction is "as provided by law" per the Kentucky Constitution, the General Assembly defines its scope. *Commonwealth v. Bailey*, 71 S.W.3d 73, 77 (Ky. 2002) (emphasis omitted). The General Assembly did so in enacting KRS 22A.020, which provides, as relevant:

> (1) Except as provided in Section 110 of the Constitution, an appeal may be taken as a matter of right to the Court of Appeals from any conviction, final judgment, order, or decree in any case in Circuit Court, including a family court division of Circuit Court, unless such conviction, final judgment, order, or decree was rendered on an appeal from a court inferior to Circuit Court.
>
> (2) The Court of Appeals has jurisdiction to review interlocutory orders of the Circuit Court in civil cases, but only as authorized by rules promulgated by the Supreme Court.

KRS 22A.020(1) and (2). None of the categories of interlocutory orders which we are enabled to review by Supreme Court rule appear in the present case.

Our civil rules define a "final or appealable judgment" as "a final order adjudicating all the rights of all the parties in an action or proceeding, or a

-6-

judgment made final under Rule 54.02." CR[2] 54.01. Judgments are made final

under Rule 54.02 as follows:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may grant a final judgment upon one or more but less than all of the claims or parties only upon a determination that there is no just reason for delay. The judgment shall recite such determination and shall recite that the judgment is final. In the absence of such recital, any order or other form of decision, however designated, which adjudicates less than all the claims or the rights and liabilities of less than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is interlocutory and subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

CR 54.02(1).

Though both orders Husband appeals contain recitations of finality in accordance with CR 54.02(1), "[w]here an order is by its very nature interlocutory, even the inclusion of the recitals provided for in CR 54.02 will not make it appealable." *Hook v. Hook*, 563 S.W.2d 716, 717 (Ky. 1978) (citing *Hale v. Deaton*, 528 S.W.2d 719 (Ky. 1975)). This is the posture in which the two orders discussing Ruckus were situated at the time Husband appealed them.

---

[2] Kentucky Rules of Civil Procedure.

However, this does not mean this appeal must be dismissed automatically. In *Johnson v. Smith*, Kentucky began to apply the federal appellate courts' "relation forward" doctrine: "a *premature* notice of appeal (absent prejudice), in reasonable circumstances, is deemed simply to relate forward and become effective on the date the trial court tenders its final judgment." 885 S.W.2d 944, 947 (emphasis in original) (citing *FirsTier Mortg. Co. v. Invs. Mortg. Ins. Co.*, 498 U.S. 269, 111 S. Ct. 648, 112 L. Ed. 2d 743 (1991)). "This rule permits a premature notice to be effective to invoke the jurisdiction of the appellate court upon final judgment where, as here, the circumstances suggest filing a notice of appeal would not be unreasonable." *Id*. at 950.

This is exactly what happened in the instant case. Alone, the appealed-from orders would be outside of our jurisdiction. However, Husband's notice of appeal relates forward to the entry of the family court's Findings of Fact, Conclusions of Law, and Dissolution of Marriage. Because both orders contain CR 54.02(1)'s finality language, it was not unreasonable for Husband to attempt to appeal them.

Wife argues that possession of Ruckus remains unresolved before the family court. Not so. The family court specifically ordered that Ruckus be awarded to Wife in its October 1, 2021 order. The order makes no indication that this award was to be temporary pending the final dissolution of the parties'

marriage. The court declined to vacate the award in its October 13, 2021 order. In the marital settlement agreement, which the family court incorporated into its Findings of Fact, Conclusions of Law, and Dissolution of Marriage, states that "the trial court awarded the dog to [Wife]" following a hearing and that Husband has sought relief from this Court on that issue. Though the marital settlement agreement does say that "[t]his matter remains pending at this time[,]" this statement, when read in context of the procedural history of this case, does not mean that the issue still remains disputed before the family court.

We conclude Husband's notice of appeal relates forward to the filing of the family court's final judgment, and that the award of Ruckus is not a matter pending before the family court. The matter is, therefore, properly before us for our review.

## II. Because Husband failed to object to admission of Dr. Fallon's letter, he may not raise this objection for the first time on appeal.

Husband's brief seems to challenge the family court's admission of Dr. Fallon's letter. Husband notes the letter is unsworn, unverified, and hearsay, among other arguments. While not explicitly arguing the letter should not have been admitted, Husband does, in effect, challenge the family court's designation of the letter as one of Wife's exhibits.

To the extent this is one of Husband's arguments, we agree with Wife that he failed to preserve any objection to admission of the letter. "It is axiomatic

that a party may not raise an issue for the first time on appeal." *Sunrise Children's Servs., Inc. v. Kentucky Unemployment Ins. Comm'n*, 515 S.W.3d 186, 192 (Ky. App. 2016) (citing *Kennedy v. Commonwealth*, 544 S.W.2d 219, 222 (Ky. 1976), *overruled on other grounds by Wilburn v. Commonwealth*, 312 S.W.3d 321, 327 (Ky. 2010)). Not only did Husband fail to object to the letter's admission before the family court, his counsel agreed to the letter's admission in lieu of Dr. Fallon's testimony, according to the court's October 1, 2021 order. Indeed, Husband never raised any evidentiary objections to the letter at any point before the trial court. He cannot do so now.

### III. Family Court Did Not Abuse Its Discretion by Awarding Ruckus to Wife.

We come now to Husband's argument that the family court abused its discretion in awarding Ruckus to Wife. "We review a trial court's determinations of value and division of marital assets for abuse of discretion." *Young v. Young*, 314 S.W.3d 306, 308 (Ky. App. 2010) (citing *Armstrong v. Armstrong*, 34 S.W.3d 83, 87 (Ky. App. 2000)). A trial court abuses its discretion when its decision "was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Sexton v. Sexton*, 125 S.W.3d 258, 272 (Ky. 2004) (citations omitted).

Husband argues the family court failed to comply with KRS 403.190(1) when making the award. The statute provides as follows:

> (1) In a proceeding for dissolution of the marriage or for legal separation, or in a proceeding for disposition of

property following dissolution of the marriage by a court which lacked personal jurisdiction over the absent spouse or lacked jurisdiction to dispose of the property, the court shall assign each spouse's property to him. It also shall divide the marital property without regard to marital misconduct in just proportions considering all relevant factors including:

    (a) Contribution of each spouse to acquisition of the marital property, including contribution of a spouse as homemaker;

    (b) Value of the property set apart to each spouse;

    (c) Duration of the marriage; and

    (d) Economic circumstances of each spouse when the division of property is to become effective, including the desirability of awarding the family home or the right to live therein for reasonable periods to the spouse having custody of any children.

KRS 403.190(1).

We agree with Wife that the family court afforded due consideration to the above factors. The order noted that Ruckus was adopted from a shelter and therefore considered the parties' acquisition of marital property. The court considered the value of Ruckus, noting that his value was likely nominal considering he was adopted and that he has no specialized training. The family court also considered the duration of the marriage, noting that the parties acquired Ruckus two years after they married. And, in its October 13, 2021 order, the

-11-

family court amended its previous order to note that Wife had limited financial resources at the time the parties separated.

Further, family courts are tasked with "considering *all* relevant factors including" but certainly not limited to the four listed in the statute. KRS 403.190(1) (emphasis added) (*see also Johnson v. Johnson*, 564 S.W.2d 221, 222 (Ky. App. 1978) ("The court is directed to consider 'all relevant factors' including those enumerated within the statute.")). Accordingly, the family court is permitted to consider additional relevant factors when dividing marital property, depending on the circumstances of the case. The family court did so here.

Though Husband disputes the family court's finding that the parties adopted Ruckus because Wife was home alone while Husband worked, it is not disputed that Wife was Ruckus' primary and daily caregiver and that Wife considered Ruckus to be her emotional support animal. The court considered Dr. Fallon's letter stating that Wife needed an emotional support animal. While Husband invites us to question the evidentiary weight of Dr. Fallon's letter, "judging the credibility of witnesses and weighing evidence are tasks within the exclusive province of the trial court." *Moore v. Asente*, 110 S.W.3d 336, 354 (Ky. 2003) (citing *Bowling v. Natural Res. & Env't Prot. Cabinet*, 891 S.W.2d 406 (Ky. App. 1994)).

Husband argues the family court abused its discretion in other ways, in addition to misapplication of KRS 403.190. For instance, he argues the family court failed to afford due weight to Wife's ability to afford a flight from Texas to retrieve Ruckus, and that Ruckus was never prescribed as an emotional support animal, among other things. Again, our task is not to reweigh evidence but limit our review in these circumstances to determining whether the court abused its considerable discretion.

Because the family court's award of Ruckus was not arbitrary, unreasonable, unfair, or unsupported by sound legal principles, we conclude the family court did not err in awarding the dog to Wife.

## <u>CONCLUSION</u>

Based on the foregoing, we affirm the Jefferson Family Court's October 1, 2021 and October 13, 2021 orders awarding Ruckus to Wife.

ALL CONCUR.

BRIEFS FOR APPELLANT:

David B. Mour
Louisville, Kentucky

BRIEF FOR APPELLEE:

John H. Helmers, Jr.
Melina Hettiaratchi
Louisville, Kentucky