RENDERED:  SEPTEMBER 13, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-1278-MR

DEONTE SIMMONS                                                                APPELLANT


APPEAL FROM LINCOLN CIRCUIT COURT
v.          HONORABLE JOHN G. PRATHER, JR., JUDGE
ACTION NO. 08-CR-00055-002


COMMONWEALTH OF KENTUCKY                                          APPELLEE


OPINION AND ORDER
DISMISSING

** ** ** ** **

BEFORE:  ECKERLE, A. JONES, AND TAYLOR, JUDGES.

ECKERLE, JUDGE:  Appellant, Deonte Simmons ("Simmons"), seeks review of

the Lincoln Circuit Court's denial of criminal post-conviction relief.  We dismiss

this appeal as having been untimely filed.

In 2002, two men were murdered, and two women injured by gunfire

in a robbery attempt at a trailer.  After six years of the case growing cold, in July

2008, a Lincoln County grand jury indicted Simmons for two counts of intentional

murder, two counts of attempted murder, two counts of robbery in the first degree,

and one count of burglary in the first degree for his role in a robbery scheme that resulted in two killings. Simmons faced the death penalty.

In a May 2009 trial, the petit jury found Simmons' juvenile co-defendant guilty, and the Trial Court sentenced him to life without the possibility of parole for 25 years ("LWOP 25"). Simmons was implicated at that trial as having fired one of the lethal shots.

In July of 2009, Simmons decided to accept the Commonwealth's plea offer on two counts of wanton murder (amended from intentional murder) and two counts of wanton endangerment in the first degree (amended down from attempted murder). The other charges were not amended. Pursuant to the agreement, Simmons was to serve 20 years of agreed imprisonment for each of the two robbery charges and the one burglary charge, five years' imprisonment for each of the two wanton endangerment charges, and LWOP 25 for each of the two wanton murder charges, all of which were to run concurrently. Because a sentence for a term of years cannot run consecutively to a life sentence, *Hernandez v. Commonwealth*, 671 S.W.3d 217, 230 (Ky. 2023), the total effective sentence under the agreement was LWOP 25.[1]

---

[1] Amending the intentional murder charges to wanton murder charges had no practical impact on Simmons' sentencing range. "In Kentucky the offense of murder may be committed with either of two culpable mental states, intentional or wanton. Wanton murder, however, is not a lesser-included offense of murder. It is simply murder committed with a different state of mental culpability, but murder, whether intentional or wanton is a capital offense." *Smith v. Commonwealth*, 737 S.W.2d 683, 689 (Ky. 1987). *See also* Kentucky Revised Statutes ("KRS")

Simmons soon sought to withdraw his guilty plea prior to sentencing, claiming his attorneys and family had pressured him into pleading guilty. After holding a hearing, the Trial Court held that Simmons' plea was knowing and voluntary, and "buyer's remorse" was not sufficient to allow him to withdraw it. In September 2009, the Trial Court sentenced Simmons in accordance with the plea agreement.

In April 2012, Simmons sought relief pursuant to Kentucky Rule of Criminal Procedure ("RCr") 11.42, arguing he had received ineffective assistance of counsel. The Trial Court denied the motion. We affirmed. *Simmons v. Commonwealth*, No. 2014-CA-001613-MR, 2016 WL 3453373 (Ky. App. Jun. 17, 2016) (unpublished), *discretionary review denied* (Ky. Dec. 8, 2016). That first appeal, finalized in 2017, would not be Simmons' last before this Court.

In April 2018, Simmons sought post-conviction relief again, this time filing his first Kentucky Rules of Civil Procedure ("CR") 60.02 motion. Over one-and-a-half years later, the Trial Court denied the motion in December 2019, after

---

507.020(2) ("Murder is a capital offense."). Thus, though Simmons has persistently argued to the contrary, LWOP 25 is a permissible sentence for wanton murder. *See* KRS 532.030(1) ("When a person is convicted of a capital offense, he shall have his punishment fixed at death, or at a term of imprisonment for life without benefit of probation or parole, or at a term of imprisonment for life without benefit of probation or parole until he has served a minimum of twenty-five (25) years of his sentence, or to a sentence of life, or to a term of not less than twenty (20) years nor more than fifty (50) years.").

which Simmons appealed. *See Simmons v. Commonwealth*, No. 2020-CA-000293-MR.

On December 16, 2021, while that appeal was still pending, Simmons filed the motion at hand – his second CR 60.02 motion. Simmons contends that he was coerced by his counsel to plead guilty to murder despite being innocent of those charges because he alleges Campbell killed the victims, LWOP 25 is an illegal sentence for wanton murder, and his guilty plea was not made intelligently. Simmons also filed motions for counsel and to proceed *in forma pauperis*.

On December 21, 2021, the Lincoln Circuit Court Clerk filed our order granting Simmons' motion to dismiss Appeal No. 2020-CA-0293-MR, which would be his second of three appeals, but his first one addressing CR 60.02. The next day, the Trial Court signed an order denying Simmons' second CR 60.02 motion. That order was entered by the circuit clerk on January 4, 2022 ("the January 2022 order").

In its entirety, the January 2022 order provides:

> The above-styled matter comes before Division II of [the] Lincoln Circuit Court pursuant to the Plaintiff's [Simmons'] *pro se* Motion to Vacate Judgment and Sentence Due to Actual Innocence, Illegal Sentence, Manifest Injustice, CR 60.02, and Palpable Error under RCr. 10.26. This Court, having read the subject motion and being otherwise sufficiently advised, **IT IS HEREBY ORDERED** that the motion is **DENIED**.

-4-

Supplemental Trial Court Record at p. 29. Thus, it is plain on its face that the January 2022 order completely resolved Simmons' second CR 60.02 motion.

The January 2022 order contains a distribution list indicating service on the Commonwealth's Attorney and Simmons on January 4, 2022. The address listed for Simmons in the distribution list is the same one he lists on the briefs that he had submitted to this Court in this appeal. No timely appeal was filed from the January 2022 order. Other than notations regarding the finality and distribution of our order dismissing Simmons' second appeal, the record is then silent for about eight months. That inaction is fatal to this third appeal, as we shall later explain.

For reasons not apparent from the face of the record, the proceedings regarding Simmons' current CR 60.02 motion were resurrected on August 19, 2022, by the Commonwealth filing a terse response to the already-denied motion. Three days later, the clerk filed Simmons' motion asking the Trial Court to rule on his CR 60.02 motion (which, of course, the Trial Court had already done in its January 2022 order denying).

On August 24, 2022, the Trial Court signed an order denying Simmons' CR 60.02 second motion, which had already been denied and dismissed on appeal, primarily on timeliness grounds. That order, which did not reference the prior order denying, was filed by the circuit court clerk on August 31, 2022

("the August 2022 order").    Frankly, the Trial Court's unexplained belief that it was appropriat[e]

third.[2]

At this juncture, we typically would discuss the largely deferential standards governing our review of the denial of a CR 60.02 motion. *Foley v. Commonwealth*, 425 S.W.3d 880, 886 (Ky. 2014). We also would explain the rule that, generally, second or subsequent CR 60.02 motions are prohibited. *Id.* at 884. However, we must ensure first that we have jurisdiction before we may address the merits.

"It is fundamental that a court must have jurisdiction before it has authority to decide a case." *Wilson v. Russell*, 162 S.W.3d 911, 913 (Ky. 2005). Though the parties did not raise jurisdiction,[3] we must ensure for ourselves that we possess it because jurisdiction cannot be obtained by waiver or consent. *Id.*

The former CR 73.02(1)(a), as it was in effect in 2022, when the events relevant to this appeal occurred, required a notice of appeal to be "filed within 30 days after the date of notation of service of the judgment or order . . . ." It is beyond reasonable dispute that the January 2022 order denying Simmons' CR 60.02 motion was an appealable decision because it fully and finally resolved

---

[2] Issuance of this Opinion and Order was delayed by generous extensions of time that we granted to both parties to submit briefs. Briefing was not completed until recently.

[3] The Commonwealth mentions the January 2022 order in its brief. However, for reasons to which we are not privy, the Commonwealth does not argue that the appeal is untimely.

Simmons' request for relief from his judgment and sentence. CR 54.01 (defining *judgment*); *Cabinet for Health and Family Services v. D.W.*, 680 S.W.3d 856, 862 (Ky. 2023) (defining *final order*). And CR 73.02(2) then provided in relevant part that "[t]he failure of a party to file timely a notice of appeal . . . shall result in a dismissal or denial."[4]

Simmons, despite being a seasoned participant in the appellate process in this 20-plus year saga, did not file a notice of appeal within 30 days of the notation of service of the January 2022 order. Simmons also had ten days after the issuance of the January 2022 order to file a motion to alter, amend, or vacate under CR 59.05. He did not. The Trial Court could have amended the January 2022 order by its own order within ten days. It did not. *James v. James*, 313 S.W.3d 17, 21 (Ky. 2010) (holding that a Trial Court "only has control over its judgment with a right to order a new trial, or alter, amend or vacate the judgment, either on motion or *sua sponte,* for ten days after entry of judgment . . . .") (internal quotation marks and citation omitted).

Because no party timely sought relief in the Trial Court or this Court from the January 2022 order, that dispositive order became final on or about

_____

[4] On January 1, 2023, the Kentucky Rules of Appellate Procedure ("RAP") became effective. RAP 3(A)(1) is substantially similar to the former CR 73.02(1)(a), and RAP 2(A)(3) is substantially similar to the former CR 73.02(2). Thus, this appeal would be dismissed under both the former CR and the current RAP.

February 4, 2022 (31 days after January 4, 2022, the date on its distribution list).

Thus, all proceedings regarding Simmons' second CR 60.02 motion were concluded on that date. As this appeal was filed many months later, it is untimely.

As our Supreme Court has held:

> Without the properly filed notice of appeal, the appellate court lacks jurisdiction to consider the matter. As a result, a party's failure to timely file a notice of appeal shall result in a dismissal or denial. In other words, the filing of the notice within the thirty-day period is mandatory and failure to do so is fatal to the action.

*Cabinet for Health and Family Services v. H.C.*, 581 S.W.3d 580, 583 (Ky. 2019) (internal quotation marks and citations omitted).[5]

Because **nothing** happened after the issuance of the January 2022 order to resurrect Simmons' CR 60.02 motion, there was no need for the Trial Court to issue the August 2022 order. After all, the only ostensible purpose of the August 2022 order was to deny a motion that a previous final order had already

---

[5] Kentucky's highest Court has issued facially inconsistent decisions over the years about whether an untimely notice of appeal is either a fatal procedural flaw or a defect that causes an appellate court to lack jurisdiction over an appeal. *Compare, e.g.*, *Electric Plant Bd. of City of Hopkinsville v. Stephens*, 273 S.W.2d 817, 819 (Ky. 1954) ("We are inclined to the view that the filing of the notice of appeal within the prescribed time under CR 73.02 is mandatory and jurisdictional . . . ."); *Johnson v. Smith*, 885 S.W.2d 944, 950 (Ky. 1994) ("Strictly speaking, the notice of appeal is *not* jurisdictional. It is a procedural device prescribed by the rules of the court by which a litigant may invoke the exercise of the inherent jurisdiction of the court as constitutionally delegated."); *H.C.*, 581 S.W.3d at 583 ("Without the properly filed notice of appeal, the appellate court lacks jurisdiction to consider the matter."). Regardless, the end result is the same: an appeal stemming from an untimely notice of appeal is dismissed. Any inconsistencies in Kentucky precedent regarding whether an untimely notice of appeal deprives an appellate court of jurisdiction have been resolved by RAP 2(A)(2), which provides in relevant part that "[t]he timely filing of a notice of appeal is jurisdictional."

been denied.  Because the August 2022 order was ineffectual, it did not present Simmons a fresh opportunity to appeal from the same issue again.  As Simmons did not timely challenge the January 2022 order – the actual order that denied his second CR 60.02 motion – he waived his right to appeal it by virtue of the superfluous August 2022 order.   This appeal was filed seven-plus months after the decision that actually denied Simmons' CR 60.02 motion.  Consequently, the appeal is untimely and must be dismissed.  CR 73.02(2); RAP 2(A)(3); RAP 10(A).

For the foregoing reasons, it is **ORDERED** that this appeal is dismissed.

TAYLOR, JUDGE, CONCURS.

A. JONES, JUDGE, CONCURS IN RESULT ONLY.

ENTERED: September 13, 2024\_  _____

JUDGE, COURT OF APPEALS

BRIEFS FOR APPELLANT:

Deonte Simmons, *pro se*
West Liberty, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

J. Grant Burdette
Assistant Attorney General
Frankfort, Kentucky