RENDERED: NOVEMBER 8, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-1020-MR

CITY OF PROSPECT, KENTUCKY                                        APPELLANT

APPEAL FROM JEFFERSON CIRCUIT COURT
v.        HONORABLE SARAH E. CLAY, JUDGE
ACTION NO. 23-CI-000311

LOUISVILLE METRO
GOVERNMENT; LDG
MULTIFAMILY, LLC; LOUISVILLE
METRO COUNCIL; AND PROSPECT
LAND DEVELOPMENT, LLC                                             APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; EASTON AND KAREM, JUDGES.

EASTON, JUDGE:  The Appellant City of Prospect ("City") challenges the

Jefferson Circuit Court's dismissal of the City's zoning appeal.  The Appellee

Louisville Metro Council ("Council"), the legislative body of the Appellee

Louisville Metro Government, approved a zoning change allowing an apartment complex to be built on property near the City's municipal limits. The other Appellees are those directly interested in the development of the property: LDG Multifamily, LLC ("LDG"); and Prospect Land Development, LLC ("PLD"). The circuit court concluded that it did not have jurisdiction over the appeal because the City failed to sufficiently allege how it was injured or aggrieved by the zoning decision. We affirm.

## FACTUAL AND PROCEDURAL HISTORY

Louisville Metro Government is the consolidated city-county government of Jefferson County. The Council and the mayor of Louisville appoint and approve members of the Louisville Metro Planning Commission ("Planning Commission"). The City is a municipality partially located in Jefferson County and separate from the consolidated government.

PLD owns property located at 6500 Forest Cove Lane and 7301 River Road ("Subject Property") in Louisville. The Subject Property is adjacent to the City's limits but not within the City itself. The City itself owns property adjoining the Subject Property. After a prior failure to obtain a zoning change, LDG reapplied for a zoning change for the Subject Property in 2022.

In October 2022, the Planning Commission held a public hearing about LDG's requested zoning change. Local citizens expressed various concerns

about the proposed rezoning. Arguments against the rezoning included the proposed development's "incompatibility" with the surrounding area, health concerns for future residents of the proposed development due to a nearby gas station, the scale of the development in comparison to nearby housing, lack of sidewalks, lack of adequate parking, lack of public transportation, and increased traffic. Ultimately, the Planning Commission voted 7-0 to recommend the zoning change to the Council.

In December 2022, the Council met to discuss the Planning Commission's recommended zoning change. With a 24-2 vote, the Council passed Ordinance No. 203, Series 2022 (the "Ordinance"), adopting the Planning Commission's recommendation and approved the requested rezoning for the Subject Property.

The City appealed the decision resulting in the Ordinance to Jefferson Circuit Court pursuant to KRS[1] 100.347. Count I of the "Complaint/Appeal"[2] claimed the passage of the Ordinance caused the City to be injured or aggrieved, giving the City a right to appeal under KRS 100.347(3). Although the City used the phrase "injured or aggrieved" in its Complaint, it gave no factual details, other

---

[1] Kentucky Revised Statutes.

[2] Although an appeal, an action allowed by KRS 100.347 is also a civil action. Litigants alternate between referring to the initiating document of such a civil action as an appeal or petition or complaint. We will refer to the document in this case as the Complaint.

than noting the comments made by individuals at the prior hearing. For example, Paragraph 23 of the Complaint summarizes the comments made at the prior hearing by individuals opposed to the development, including the City's attorney and a former mayor of Prospect. Count II of the Complaint sought a judgment declaring the Ordinance to be in violation of Section 2[3] of the Kentucky Constitution.

All Appellees filed motions to dismiss the appeal under CR[4] 12.02(a) for lack of subject matter jurisdiction and CR 12.02(f) for failure to state a claim upon which relief may be granted. The Appellees argued the City's appeal failed to allege how the City was specifically injured or aggrieved as required by KRS 100.347(3). The Appellees relied upon the Kentucky Supreme Court's holding in *Kenton County Board of Adjustment v. Meitzen*, 607 S.W.3d 586 (Ky. 2020).

The circuit court granted the Appellees' motions to dismiss. The circuit court found it lacked jurisdiction to hear the City's appeal under KRS 100.347(3) and the ruling in *Meitzen*, *supra*. The circuit court noted that, while the words "injured" and "aggrieved" appear in the Complaint, they were not supported by sufficient factual allegations showing harm to the City itself.

---

[3] This section prohibits arbitrary governmental actions.

[4] Kentucky Rules of Civil Procedure.

The circuit court referred to Paragraph 23 of the Complaint saying it "recounts the testimony of eight individuals who spoke at the Planning Commission's public hearing on the matter, but there is no link between the concerns voiced by those individuals and an injury to Prospect." The court added:

> Claims of "incompatibility" are too vague to be perceived as any real injury. The testimony regarding gas fumes and their effect are framed as expressing concern over the health of the future residents of the development, not Prospect. The complaints about sidewalks, parking, and public transportation are also issues for future residents of the development, not Prospect. The claimed potential for an increase in traffic in Prospect is not enough to meet the jurisdictional requirements of the statute.

In oral arguments before the circuit court, the City acknowledged that the appeal pursuant to KRS 100.347 provides the constitutionally required review of administrative decisions. The court then dismissed the City's constitutional challenge as KRS 100.347 provides the exclusive remedy for appealing zoning decisions. This appeal followed.

## STANDARD OF REVIEW

The dismissal of the appeal was based on a legal conclusion about the jurisdiction of the circuit court rather than upon any factual determinations. For dismissal under CR 12.02(f), the circuit court must accept any factual statements in the Complaint as true. *Fox v. Grayson*, 317 S.W.3d 1, 7 (Ky. 2010). Dismissal should be granted only if the plaintiff (or appellant) could not succeed on the

-5-

Complaint under any set of facts provable. *Id.* We review the granting of a

dismissal motion *de novo*. *Id.*

## ANALYSIS

This appeal illustrates the difference between standing and

jurisdiction, as well as the difference between subject matter jurisdiction and

particular-case jurisdiction. This appeal depends upon particular-case jurisdiction,

rather than subject matter jurisdiction or standing.

Subject matter jurisdiction means jurisdiction over this kind of case.

*Duncan v. O'Nan*, 451 S.W.2d 626, 631 (Ky. 1970). Clearly, the circuit court by

statute has subject matter jurisdiction generally over zoning appeals. But for the

circuit court to obtain jurisdiction over a specific zoning appeal, the Complaint

must sufficiently allege how the appellant was injured or aggrieved.

Jurisdiction over the City's appeal depends on KRS 100.347(3). This

statute states:

> Any person or entity claiming to be injured or aggrieved
> by any final action of the legislative body of any city,
> county, consolidated local government, or urban-county
> government, relating to a map amendment shall appeal
> from the action to the Circuit Court of the county in
> which the property, which is the subject of the map
> amendment, lies. Such appeal shall be taken within thirty
> (30) days after the final action of the legislative body.
> All final actions which have not been appealed within
> thirty (30) days shall not be subject to judicial review.
> The legislative body shall be a party in any such appeal
> filed in the Circuit Court.

In *Meitzen*, *supra*, the Kentucky Supreme Court held that a party pursuing a zoning appeal under KRS 100.347 must "claim" to be "injured or aggrieved" by a final action. *Id.* at 593. The Supreme Court noted the right to appeal the decision of an administrative agency to a court is a matter of legislative grace, and thus the failure to follow the statutory guidelines for such an appeal is fatal. *Id.* (internal quotation marks and citations omitted). Parties must "strictly comply" with the provisions of KRS 100.347 to perfect an administrative appeal to the circuit court. *Id.* If a plaintiff fails to do so, the circuit court lacks jurisdiction to hear the appeal. *Id.* at 599.

The City argues the circuit court erred in its application of the "claim" to be the "injured or aggrieved" requirement in KRS 100.347(3). The City believes the circuit court too narrowly interpreted *Meitzen* and imposed an unnecessarily high pleading standard. We should review what *Meitzen* says.

The *Meitzen* appellants were adjoining landowners who objected to the decision of a board of adjustment to grant a conditional use application allowing the operation of a nursery school in a residential zone. *Meitzen*, *supra*, at 589. The appeal to the circuit court alleged that the adjustment board's action did not meet certain municipal and statutory requirements. *Id.* at 591. The appeal further suggested that the subject location was on a very dangerous curve, posing risks to those in the vicinity. Specifically, the appellants argued that "to place a

daycare facility in this area would put the general public and our school children in immediate and present danger." *Id.* at 590. The appellants thought overall that the applicants seeking the conditional use permit failed to meet the burden of proving that "the conditional use will not be detrimental to the health, safety or general welfare of persons residing or working in the vicinity[.]" *Id.*

The Supreme Court determined that the *Meitzen* plaintiffs did not plead a claim that they were injured or aggrieved by the board's action as required by KRS 100.347(1).[5] *Id.* at 593. The court stated that the plaintiffs explained why they believed the board erred legally but failed to state how the alleged errors affected them or caused injury to them. *Id.* "In fact, the complaint reads solely as a critique of the Board's decision to grant the conditional use permit, not as a claim on behalf of parties who are themselves injured or aggrieved." *Id.*

It is true that the Complaint in *Meitzen* failed to contain even the phrase "injured or aggrieved" in contrast to this case. But this distinction misses the point. In multiple places within its opinion, the Supreme Court made clear that an explanation of how the appellant itself was injured or aggrieved is required. An

_____

[5] Although the *Meitzen* court analyzed jurisdiction under KRS 100.347(1), the court noted: "KRS 100.347(1), (2), and (3) each contain similar requirements for appeals, they simply govern appeals from different entities. Subsection (1) pertains to appeals from actions of boards of adjustment, subsection (2) pertains to appeals from actions by planning commissions, and subsection (3) pertains to appeals from actions of legislative bodies of cities, counties, and governments. Each subsection provides that '[a]ny person or entity claiming to be injured or aggrieved by any final action . . . .' may appeal to a circuit court." *Id.* at 596 n.10.

appellant must: "claim some type of hurt or damage, or some form of suffering or infringement that the party will experience as a result of the board's decision." *Id*. at 592-93. An appellant must provide "factual allegations to support a claim that they themselves were injured or aggrieved in some way by the Board's action." *Id*. at 593.[6]

Our General Assembly created a "narrow avenue" for zoning appeals. *Id*. at 595. "By limiting the appeal process to certain injured or aggrieved persons or entities, the legislature has effectively prevented the filing of unnecessary and unfounded complaints by any citizen who simply disagrees with the board of adjustment's action." *Id*. Although the City as an entity may also bring an appeal, it must give factual details of a claim explaining how the City itself is injured or aggrieved. The City may not appeal on behalf of individual residents when the City itself has sustained no harm.

We agree with the circuit court that the City failed to sufficiently claim how it was injured or aggrieved by the Ordinance. The City pleaded it was "injured or aggrieved" but did not provide any factual allegations to explain how *it* was harmed. The Complaint mentions the testimonies of eight witnesses who

---

[6] Citing *Meitzen*, one national commentator on zoning law lists cases from the majority of jurisdictions which require strict compliance with statutory requirements including the need to state specific circumstances to show an injured or aggrieved status. 4 *Am Law Zoning* § 42.7, "Persons Aggrieved by Administrative Decisions" and § 42.22, "Pleading" (5th ed. 2024).

spoke against the development at the Planning Commission, some of whom are connected to the City. But individual concerns about a development are not the same as some concrete harm to the City itself.

As the circuit court noted, concerns expressed over the fumes from a nearby gas station, lack of sidewalks, lack of adequate parking, lack of public transportation, and increased traffic appear over the health and well-being of the future residents of the development or other nearby residents, not the City itself. Allegations of other "incompatibility" are too vague. The appeal does not explain how the Ordinance affected or would affect the City-owned property adjacent to the Subject Property.

The City's Appellant brief to this Court attempts to add additional arguments and explanations of why it was injured. These specifics were not pled in the Complaint to the circuit court. We cannot consider this additional information on appeal. We, like the circuit court, may only review the Complaint to determine its sufficiency. The circuit court did not err in finding that the City failed to sufficiently claim it was injured or aggrieved as required by KRS 100.347(3).

The City further argues that the circuit court deemed the allegations of injury insufficient only after weighing their merits and determining that they did not qualify as injuries. The City argues a court reviewing a jurisdictional challenge

should be limited in its analysis to the question of whether the party has claimed injury or aggrievement (even though the City did not state any details of *its* claim). To some degree, the City is arguing that the circuit court analyzed whether the City had standing to bring the case. We need to distinguish these concepts as applied to this case.

Jurisdiction is the power of the court to decide an issue in controversy. *Nordike v. Nordike*, 231 S.W.3d 733, 737 (Ky. 2007). "The courts' power to inquire into facts, apply the law, make decisions, and declare judgment between parties is both constrained by and a function of their jurisdiction." *Id.* "It is fundamental that a court must have jurisdiction before it has authority to decide a case. Jurisdiction is the ubiquitous procedural threshold through which all cases and controversies must pass prior to having their substance examined." *Wilson v. Russell*, 162 S.W.3d 911, 913 (Ky. 2005).

On the other hand, "statutory standing" refers to "whether a statute creating a private right of action authorizes a particular plaintiff to avail herself of that right of action." *Lexington-Fayette Urb. Cnty. Hum. Rts. Comm'n v. Hands On Originals*, 592 S.W.3d 291, 296 (Ky. 2019) (quoting *Lawson v. Office of Atty. Gen.*, 415 S.W.3d 59, 67 (Ky. 2013)). To have statutory standing, a plaintiff must be "injured or aggrieved" by a final action of a board, but in order for the circuit court to have jurisdiction to decide that question, the plaintiff must also strictly

comply with KRS 100.347 by specifically claiming how it was injured or aggrieved. *Meitzen*, *supra*, at 598.

We disagree with the City that the circuit court weighed the merits of the City's claims when dismissing the appeal. Instead, the court assessed whether the City's appeal alleged that the City suffered injuries at all. The court did not resolve any factual question in the related context of standing when dismissing the City's appeal.

Finally, we note that the City argues the circuit court failed to consider the City's claimed injury resulting from a denial of due process. In Paragraph 38 of the Complaint, the City pleads: "Metro Council's actions and inactions described herein resulted in the denial of due process[.]" The "denial of due process" can lead to being "injured or aggrieved." But the City does not adequately explain any facts supporting the claim that the Metro Council denied the City due process or again how the City itself was injured or aggrieved.

**CONCLUSION**

The circuit court properly found the City failed to adequately claim it was injured or aggrieved by the Council's decision. The circuit court has subject matter jurisdiction over zoning appeals. But because of the City's failure to state a claim of how the City was injured or aggrieved, the circuit court did not have jurisdiction of this case. Dismissal under CR 12.02(f) was proper because the City

could not proceed to establish any circumstances to permit the requested relief.

The Jefferson Circuit Court is AFFIRMED.

ALL CONCUR.


BRIEFS FOR APPELLANT:

Grover C. Potts
Daniel P. Reed
Matthew L. Bunnell
Louisville, Kentucky

BRIEF FOR APPELLEES
LOUISVILLE METRO
GOVERNMENT AND LOUISVILLE
METRO COUNCIL:

Michael J. O'Connell
Jefferson County Attorney

Anne P. Scholtz
Travis J. Fiechter
Laura M. Ferguson
Assistant Jefferson County Attorneys
Louisville, Kentucky